Argued at Pendleton May 8, reversed and remanded June 4, rehearing
denied July 2, 1918.

## WADE *v.* PETERS.

### (173 Pac. 567.)

**Judgment—Former Adjudication—Decision on Demurrer.**

1. Where a complaint contains all essential allegations to the
cause of action, but a demurrer is sustained thereto and a judgment
of dismissal rendered, such judgment bars a subsequent suit for the
same cause of action, wherein the complaint contains no substantial
averment which is not found in the former complaint.

> [As to elements necessary to conclusiveness of judgment in
> another action, see note in 8 Am. St. Rep. 229.]

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This is an action by a real estate broker to recover
his commissions alleged to have been earned in finding
a purchaser for certain lands of defendant.   The com-
plaint alleges a written contract between the parties,
which is set out in full, as follows:

"Pendleton, Oregon, May 10, 1917.
"E. T. Wade:
"Until July 10, 1917, you are hereby authorized to
act as my sole agent to sell my land.   The NW. ¼
and the South half of Section 31, and the Southwest
¼ of Section 32, Tp. 3 N. Range 31 E. W. M., Uma-
tilla County, Oregon, for the sum of $45.00 per acre,
and in case of a sale, you are to receive 5 per cent as
commission for selling same.   It is understood that
the 1–3 of the crop goes with the land at above price.
"H. PETERS, Owner."

This is followed by these allegations:

"That thereafter and prior to the 10th day of July,
1917, to wit, upon the 27th day of June, 1917, this
plaintiff duly accepted the appointment as such agent

and accepted the offer so made by the said H. Peters in writing, and so notified the said H. Peters thereof by letter as follows:

" 'Pendleton, Oregon, June 27, 1917.
" 'Mr. Herman Peters,
    " 'Pendleton, Oregon.
" 'Dear Sir:
    " 'I have this day sold the land described as the Northwest quarter and the South half of Section 31 and the Southwest quarter of Section 32, Township 3 North, Range 31 East W. M., acting as your agent, to Mr. William Mills, of Pendleton, Oregon, at a price of $45.00 per acre, including one-third of the crop to go with the land. Mr. Mills is willing to take the land subject to the rights of the present lessees in the summer fallow, and if there is a mortgage against the property, he is willing to take the land subject to the mortgage, providing the amount of the mortgage and interest to date of transfer is deducted from the purchase price of $45.00 per acre. Kindly arrange to furnish abstract and make deed within the next day or two, as Mr. Mills is anxious to get the transaction closed.                    Yours truly,
                            " 'E. T. WADE.'

"And thereafter, and on the 28th day of June, 1917, the said defendant further ratified said offer and ratified and confirmed the acts of this plaintiff as his agent in selling and disposing of said lands, and so notified the plaintiff in writing by letter as follows:

" 'Pendleton, Oregon, June 28, 1917.
" 'E. T. Wade,
    " 'Pendleton,
        " 'Oregon.
" 'Dear Sir:
    " 'Mr. Herman Peters and wife executed a deed to William Mills for the Northwest quarter and the South half of Sec. 32, all in the Township 3 North, Range 31 East W. M., in Umatilla County, Oregon. Mr. Herman Peters left the deed to Mr. William Mills upon the payment of the money. Please advise Mr.

Mills and have him call and get the deed at his earliest convenience.

"'Respectfully yours,

"'J. B. PERRY.'

"In duplicate.

"That this plaintiff did prior to the 6th day of July, 1917, sell the said lands to one William Mills, at the agreed price of $45.00 per acre. That the said defendant has heretofore in pursuance of such sale, executed and delivered a deed to the said William Mills, and has received the purchase price therefor, and the entire sale and transaction has been completed, and the defendant has fully accepted same, and has received the benefit of the services of this plaintiff in the sale of said lands, and has received the benefit of the moneys expended by this plaintiff in effecting such sale of said lands and the defendant H. Peters is indebted to this plaintiff in the sum of $1487.58 as commission upon said sale, but the defendant has refused, neglected, and failed to pay same."

The answer, after some admissions and denials pleaded two affirmative defenses, of which the second only is material to the present discussion. This portion of the answer pleads a former adjudication of the same issues, setting out the complaint, which, because of the questions involved, is here set out in full.

"That on prior to, and subsequent to the 10th day of May, 1917, the defendant, H. Peters, was the owner of the Northwest quarter, and the South half of Section 31, and the Southwest quarter of Section 32 in Township 3 North, Range 31 East of the Willamette Meridian in Umatilla County, and State of Oregon.

"That on the 10th day of May, 1917, and while the defendant was so the owner of said lands, the defendant in writing employed the plaintiff to act as his sole agent to sell the said tract of land at the agreed price of $45.00 per acre, and therein agreed that in case of sale of said lands on or before July 10, 1917, he would pay to the plaintiff the sum of five (5) per cent as commission for selling said lands.

"That the writing and authority under and by which the defendant so authorized this plaintiff to sell said lands and so agreed to pay such commission therefor, was in words and figures as follows, to wit:

" 'Pendleton, Oregon, May 10, 1917.
" 'E. T. Wade:

" 'Until July the 10th, 1917, you are hereby authorized to act as my sole agent to sell my land. The NW. ¼ and the South half of Sec. 31 and the Southwest ¼ of Section 32, Tp. 3 N. Range 31 E. W. M. in Umatilla County, Oregon, for the sum of $45.00 per acre, and in case of a sale, you are to receive 5 per cent commission for selling same. It is understood that the 1–3 of the crop goes with the land at above price.

" 'H. PETERS, Owner.'

"That in pursuance of such authority, and relying upon the promises and agreements of the defendant, that the defendant would pay to the plaintiff the commission aforesaid in the event the plaintiff sold the aforesaid lands before July 10, 1917, this plaintiff did with the full knowledge and approval of defendant, devote many days' time and incurred financial expenses in an endeavor to sell the said lands for the defendant; and did advertise the same for sale at his own cost and expense, and in so advertising and endeavoring to sell said lands did spend a sum of money, to wit: the sum of $50.00, and this plaintiff did prior to the 6th day of July, 1917, sell the said lands to one William Mills, at the agreed price of $45.00 per acre. That the said defendant has heretofore, and in pursuance of such sale, executed and delivered a deed to the said William Mills, and has received the purchase price therefor, and the entire sale and transaction has been completed, and the defendant has fully accepted same and has received the benefit of the services of this plaintiff in the sale of said lands, and has received the benefit of the moneys expended by this plaintiff in effecting such sale of said lands, and the defendant H. Peters is indebted to this plaintiff in the sum of $1487.58 as commission upon said sale, but

the defendant has refused, neglected and failed to pay the same.''

The answer then sets out the demurrer and the ruling of the trial court, sustaining it, and the judgment dismissing the action.

A reply having been filed, there was a trial resulting in a verdict and judgment for plaintiff, from which defendant appeals.     REVERSED WITH DIRECTIONS.

For appellant there was a brief with oral arguments by *Mr. C. M. White* and *Mr. Stephen A. Lowell.*

For respondent there was a brief over the name of *Messrs. Raley & Raley,* with an oral argument by *Mr. James H. Raley.*

BENSON, J.—1. The conclusion which we have reached renders it unnecessary to discuss any of the assignments of error except the ruling of the trial court in sustaining a demurrer to the defense of *res judicata.* At the outset, it is observed that the complaint in the first action, when tested by the law as enunciated in the case of *Oregon Home Builders* v. *Crowley,* 87 Or. 517 (170 Pac. 718, 171 Pac. 214), is a perfectly good complaint, and every feature which distinguishes that case from *Lueddemann* v. *Rudolf,* 79 Or. 249 (154 Pac. 116, 155 Pac. 172), is present in the instant case. The additional allegations in the complaint in the present action do not add anything to the vitality of the corresponding pleading in the former, wherein the authorization is set out, followed by allegations of complete performance by the plaintiff of the things to be done by him thereunder. Under these circumstances it remains to consider whether the judgment upon demurrer in the prior case is a bar

to the present action. In *Hume* v. *Woodruff*, 26 Or. 373 (38 Pac. 191), the general rule is approved, holding that

"a decree sustaining a demurrer to a complaint and dismissing the suit because it does not state facts sufficient to constitute a cause 'of suit, is, until reversed, a final determination of the issues presented by such complaint, and can be pleaded as a bar to a subsequent action for the same cause."

In the case of *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004), this doctrine is again asserted, but announcing the modification of the rule to the effect that where an essential allegation is wanting in a complaint to which a demurrer is sustained, a decree of dismissal is not a bar to a subsequent suit between the same parties, concerning the same subject matter, if the missing essential averment is supplied in the second pleading. A very able discussion of the question involved herein, applying the principles which distinguish and harmonize the two cases above cited, is to be found in *Spicer* v. *United States,* 5 Court of Claims Rep. 34. In this case plaintiff brought an action for breach of contract in refusing to inspect and receive certain horses. A demurrer was sustained to the complaint, for the reason that it contained no allegation that the claimant had ever delivered or offered to deliver any portion of the horses which he had contracted to furnish. The action having been dismissed, claimant began a second action for the same cause, in which there was the added averment in the petition, "that he was ready and willing and offered to comply with his said contract, and deliver the horses, etc." The defendants pleaded the former action in bar, and in the course of an able and exhaustive

opinion, wherein it is held that the plea is not well taken, the court says:

"After a somewhat extended review of this branch of the law, I am inclined to think that no case can be found, and certainly none in the federal courts, where a judgment rendered on demurrer, alleging the want of a material fact in the declaration, has been deemed a bar to a second action presented by a declaration wherein the material fact omitted from the first is sufficiently averred. The concurrent ruling of both the American and English courts seems to be that a judgment rendered for the want of a specific fact in the declaration is not a judgment upon the merits."

This concise statement of the law is clear, and accurate, and is confirmed by our own investigation of the authorities. It is of no avail to the plaintiff in the present action however, since a careful examination of the complaint in the prior action discloses that no essential allegation is omitted therefrom, and the later pleading contains no substantial averment which is not found in the former. This being true, it follows that plaintiff's only effective recourse in the first action was to have appealed from the judgment upon the demurrer, and having failed to do so, he is barred from prosecuting the present proceeding. *Gould* v. *Evansville etc. R. R. Co.*, 91 U. S. 526. The judgment must be reversed and the cause remanded with directions to enter judgment for the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.