## ESCALANTE CO. v. KENT et al.

No. 5049. Decided January 25, 1932. (7 P. [2d] 276.)

*H. S. Tanner,* of Salt Lake City, for appellant.

*Chris Mathison* and *E. R. Christensen,* both of Salt Lake City, for respondent.

ELIAS HANSEN, J.

The defendant Charles Kent prosecutes this appeal from a judgment entered in the district court of Salt Lake county, Utah. The judgment appealed from directs the plaintiff to pay to the clerk of that court the sum of $1,751.50, to be by the clerk distributed as follows: To the defendant R. H. Barton, the sum of $641.65; to the defendant Charles Kent, the sum of $724.93; and to the defendant Lucile Kent, the sum of $384.92. The judgment further provides that when the plaintiff shall have paid the sum of $1,751.50 into court it shall be discharged from further liability on its note and mortgage and shall be subrogated to all the rights and benefits which the defendants have in the note and mortgage, and that the defendant Charles Kent be perpetually restrained from further prosecuting a suit brought by him in the district court of Iron county, Utah, to foreclose a mortgage executed by the plaintiff on certain real estate in Iron county, Utah.

At the threshold of this cause we are confronted with the claim of the defendant Charles Kent that the action upon which the judgment appealed from is founded was not triable in the district court of Salt Lake county because, prior to the commencement of the action in Salt Lake county, suit had been begun in the district court of Iron county, Utah, involving the same parties on the same subject-matter, and to test the same rights.

The record before us discloses these facts: On February 3, 1924, the plaintiff executed and delivered to Charles B. Kent, the son of defendant Charles Kent, a note for the principal sum of $2,560. Charles B. Kent was named as the payee of the note. On the same day that the note was executed, the plaintiff also executed and delivered a mortgage for a like amount on certain lands in Iron county, Utah, as security for the payment of the note. Charles B. Kent and Lucile Kent, his wife, one of the defendants in this action, were named as the mortgagees in the mortgage. The note was payable in installments, the last installment being due on May 1, 1928. On February 24, 1925, the Escalante Company, plaintiff herein, conveyed the mortgaged premises, subject to the mortgage, to George H. Ennis. Part but not all of the indebtedness evidenced by the note and secured by the mortgage was paid. Under date of August 24, 1927, Charles B. Kent assigned and transferred his interest in the note and mortgage to Charles Kent appellant herein. In November, 1928, Charles Kent brought a suit in the district court of Iron county, Utah, to foreclose the mortgage so transferred to him by Charles B. Kent. In the suit so brought by Charles Kent in Iron county the Escalante Company, a corporation, plaintiff herein, R. H. Barton and Lucile Kent, two of the defendants herein, and George H. Ennis, E. C. McGarry, and A. E. McGarry, were named as defendants. The complaint in the district court of Iron county is in the usual form of a suit to foreclose a mortgage. One of the paragraphs of that complaint reads as follows:

"Plaintiff is informed and believes and therfore upon information and belief alleges that the defendants E. C. McGarry, A. E. McGarry,

R. H. Barton and Lucile Kent have or claim to have some right and interest in and to the said mortgage and the mortgaged premises, but all of said claims, if any, have accrued since the lien of said mortgage."

The complaint filed in the district court of Iron county, Utah, also contains as part of its prayer:

"That the defendants George H. Ennis, E. C. McGarry, A. E. McGarry, R. H. Barton and Lucile Kent and all persons claiming under them or any of them subsequent to the execution of said mortgage upon said premises be required to show what interest they have, if any in said note, mortgage and the mortgaged premises hereinbefore described, and that said defendants and each of them and all persons claiming under them may be barred and foreclosed of all right, claim or equity of redemption in the said premises and every part thereof."

The record further discloses that prior to the commencement of this action all of the parties herein except the defendant Lucile Kent appeared in the Iron county suit. The record before us is silent as to whether or not Lucile Kent was served with process or appeared in the Iron county suit.

The complaint upon which the judgment here appealed from is founded was filed in the district court of Salt Lake county, Utah, on January 24, 1929. The cause of action set out in the complaint is in the nature of an action of interpleader. The plaintiff seeks a determination of the amount the plaintiff is indebted to the defendants on the note and mortgage which plaintiff made, executed, and delivered to Charles B. Kent. Plaintiff further prays that upon ascertainment of the amount so owing upon the note and mortgage it be permitted to pay the sum so ascertained into court and be dismissed from further liability to the defendants; that plaintiff be subrogated to all the rights of the defendants under the mortgage; that defendants be required to litigate their respective claims to the moneys so paid into court; and that defendants be restrained from prosecuting any action for the foreclosure of the mortgage. The defendant Charles Kent demurred to

plaintiff's complaint upon various grounds. One of the grounds of demurrer was

"that there is another action pending between the same parties for the same cause in Iron County, State of Utah, in which, the plaintiff has been served and has filed its appearance as one of the defendants involved in the mortgage referred to in paragraph 2 of plaintiff's complaint."

The demurrer was overruled. Appellant complains of such ruling. He here contends that the demurrer should have been sustained upon the ground that the cause pending in the district court of Iron county precluded the district court of Salt Lake county from proceeding in the action begun in the latter court. The complaint filed in the district court of Salt Lake county does not mention or refer to the suit pending in the district court of Iron county, and therefore the demurrer was properly overruled. Comp. Laws Utah 1917, §§ 6568 and 6572; *Vance* v. *Heath,* 42 Utah 148, 129 P. 365.

After his demurrer was overruled the defendant Charles Kent answered the complaint. His answer contains these averments:

"This answering defendant admits that he claims an interest in said promissory note as the owner of said note and alleges the facts to be that prior to the commencement of this action and on or about the 13th day of November, 1928, this defendant filed suit in the District Court of the Fifth Judicial District of the State of Utah, in and for Iron County, against the plaintiff herein upon the said promissory note set forth in paragraph 2 of plaintiff's complaint, wherein and whereby this defendant is foreclosing a mortgage given as security for the payment of said promissory note by the said plaintiff herein on certain lands situated and being in said Iron County described as follows, to wit:

"Lots 1 and 2 and the south ½ of the northeast ¼ and the southeast ¼ of Section 5, in Township 35, range 15 west of Salt Lake Meridian, which said mortgage was filed of record in the office of the county recorder of Iron County, State of Utah in Book 'J' of mortgages, pages 45 and 46, on or about the 25th day of September, 1926, and the same is now of record undischarged and that the money due thereon and on account of said mortgage is due to this defendant

and that the co-defendants R. H. Barton and Lucile Kent have no interest of any kind whatsoever in said mortgage except as alleged in the case of this defendant against the plaintiff herein and now pending before the said District Court in and for Iron County, State of Utah.

"* * * and that the cause of action involved therein is now exclusively within the jurisdiction of the said district court of the state of Utah, in and for Iron County."

The answer prayed that plaintiff take nothing by its complaint. Neither the plaintiff nor the other defendants demurred or otherwise pleaded to the answer of Charles Kent. It is contended on behalf of the plaintiff that the facts alleged in the answer of Charles Kent in the instant case are insufficient to raise an issue as to whether or not an action was pending in the district court of Iron county involving the same parties on the same subject-matter and to test the same rights. Such contention cannot be successfully maintained. It may be that the answer of Charles Kent was vulnerable to an attack by a special demurrer, but no such attack or any attack was lodged against it. On the contrary, evidence was offered and received at the trial of this cause as to the parties, subject-matter, and rights involved in the Iron county suit. On this appeal the plaintiff has not filed any cross-assignments of error. A reviewing court does not look with favor upon an objection to a pleading where such objection is made for the first time on appeal. When the sufficiency of a pleading is questioned for the first time in an appellate court, such pleading will be construed liberally and supported by every legal intendment. 3 C. J., pp. 785-789, and cases cited in the footnotes. In the absence of an objection in the court below to the sufficiency of the answer of Charles Kent, the averments therein contained are sufficient to raise the defense that the Iron county suit precluded the plaintiff from prosecuting this action.

The facts which are established by the undisputed evidence in this case are such as to preclude the plaintiff from

prosecuting this action until the suit in Iron county has been disposed of. The law applicable to a state of facts such as are shown to have existed at the time this action was begun is thus stated in 15 C. J. 1134:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results."

The instant case falls squarely within the rule. The suit in the third district court of Iron county was brought before this action was begun. The parties to this action are parties to the suit pending in Iron county. The same subject-matter is involved in both proceedings. The rights which the plaintiff seeks to have determined in this action are rights which the defendant Charles Kent seeks to have tested in the suit brought by him in Iron county. When it was made to appear to the district court of Salt Lake county that a suit was pending in the district court of Iron county to test the same rights between the same parties and involving the same subject-matter as are involved in this proceeding, the district court of Salt Lake county should have stayed the proceedings until the suit in Iron county was heard and determined. In failing to do so the court below was in error.

It follows that the judgment appealed from should be, and it accordingly is, reversed. Appellant is awarded costs.

CHERRY, C. J., and STRAUP, FOLLAND and EPHRAIM HANSON, JJ., concur.