NIELSON v. SCHILLER, Judge, et al.

No. 5846. Decided April 2, 1937. (66 P. [2d] 365.)

G. T. *Bean* and T. A. *Hunt,* both of Richfield, for plaintiff.

P. G. *Ellis,* of Salt Lake City, for defendants.

MOFFAT, Justice.

Certiorari to determine whether or not the district court of this state may enjoin a party litigant from prosecuting an action theretofore filed in another district court of the state when all the issues raised in the second action are the same and the parties are the same as in the first action. In substance, the question is as stated by plaintiff O. G. Nielson, applicant for the writ in this court.

Other and divers questions are raised and argued as to matters of failure of the court to rule upon motions, demurrers, and objections to proceedings in the district court of the Third judicial district, in and for Salt Lake county. As will appear, we think the issue is properly limited to the matter as above stated.

From the allegations of the complaint of plaintiff in the district court of Salt Lake county, it appears that defendant in that case, plaintiff in the Sevier county case, began

"an action against the plaintiff upon said writings copied as Exhibits 'A,' 'B,' 'C,' and 'D' in the District Court for Sevier County, Utah, demanding judgment for the sum of more than $4,000.00 thereon, and a decree of foreclosure of plaintiff's said property as described in said exhibit D, claiming to own said exhibits B and C and D by assignment over from the payees therein. And defendant threatens to and will, unless restrained, proceed therein to decree and sale thereunder. Plaintiff has no adequate remedy at law. It might, but need not, file an equitable counter-claim for relief in said action, and is entitled to assert its remedies as herein by a separate action to enjoin the defendant under section 44-0-9 of Utah Rev. St. 1933 aforesaid."

The record discloses that an order to show cause was issued upon the complaint and served upon defendant Nielson.

whereby he was temporarily restrained and further ordered to show cause why the restraining orders should not be continued in effect until the trial of the cause pending in Salt Lake county. It is disclosed by the record that in response to the order to show cause, the defendant in the Salt Lake county action made return to the court and called the court's attention to the prior pending action in Sevier county, the identity of the parties and issues, and submitted the matter to the court upon the statement made. It then appears that the court made and entered an order whereby the

"defendant is temporarily restrained from proceeding with his action in the District Court of Sevier County * * * until the trial of this action upon its merits."

Aside from the subsidiary questions, not necessary to be noticed, appears the defendant here, plaintiff in the Salt Lake county case, contended in that court and relied upon section 44-0-9, R. S. Utah 1933, for authority to lodge the action enjoining the plaintiff in the Sevier county case from proceeding, which in effect enjoins the district court of Sevier county from further proceeding. Section 44-0-9, R. S. 1933, reads:

"Whenever it shall satisfactorily appear that any bond, bill, note, assurance, pledge, conveyance, mortgage, deed of trust, contract, security or other evidence of debt has been taken or received in violation of the provisions of this title, the court shall declare the same to be void, and enjoin any prosecution thereon, and shall order the same to be surrendered and canceled, and any property, real or personal, embraced within the terms of such contracts, and all securities, to be delivered up, if in possession of the defendant in the action; or, if the same are in the possession of the plaintiff, provision shall be made in the judgment or decree in the action removing the cloud of such usurious contracts or securities from the title to such property."

We are of the opinion the section quoted is not subject to the construction contended for by defendant, nor may it be used as the basis for having another court of concurrent jurisdiction enjoin and pass upon an issue pending in such

other court involving the question as to whether or not the contract sued upon is usurious. Such an issue is subject to be raised in the cause in the court where the action relating to the enforcement of such contract is pending.

We are of opinion the Legislature intended by the section to prevent the enforcement of a usurious contract and to require cancellation and surrender of a usurious obligation whenever it should satisfactorily appear to the court whose powers were invoked in an attempt to enforce such obligation, that it was usurious. To say when an action is pending in one court that one of the parties to the action may claim the contract involved in the action is usurious and go into another court of concurrent jurisdiction to have that matter determined and then either leave the court first having jurisdiction to await the determination of such issue and leave the first court without a cause to try or to find itself hampered by a decision that may or may not accord with the issue as determined by the court first assuming jurisdiction of the cause, is abhorrent to the orderly procedure and determination of causes in courts of concurrent jurisdiction and cannot do other than inject confusion into the orderly procedure of the courts.

A writ of certiorari may be granted when an officer or other tribunal exercising judicial functions has exceeded the jurisdiction of such tribunal and there is no appeal, or in the judgment of the court or judge to which the application for the writ has been made there is no plain, speedy, and adequate remedy in the ordinary course of law.

It is argued the district court of Salt Lake county has jurisdiction of the subject-matter and of the parties and, hence, a motion to quash and vacate the writ issued out of this court has been made. The motion to quash and vacate the writ is denied.

The question of jurisdiction was discussed in the case of *Atwood* v. *Cox*, 88 Utah 437, 55 P. (2d) 377. Where the law

gives to a court or tribunal power to entertain a cause and by proper and sufficient pleadings stating facts invoking that jurisdiction, one of the incidents to the invoking of jurisdiction is the power to proceed to hear and determine the cause. May it be said that when one court has by proper pleadings and process had its jurisdiction invoked, that another court or tribunal or court of concurrent and equal but no greater jurisdiction may by process stay, revoke, annul, or interfere with the orderly procedure of the first tribunal by enjoining the parties or any of them from having the remedies invoked administered without denial or unnecessary delay or be barred from prosecuting or defending in the action to which he is a party and in the forum having jurisdiction properly invoked? We think not. To say that one court of concurrent jurisdiction may stay the proceedings of parties before another tribunal is equivalent to saying that the second tribunal may destroy or control the jurisdiction of the first. It amounts to a destruction of jurisdiction already properly invoked.

District courts are courts of original jurisdiction, having jurisdiction in all matters, civil and criminal, not excepted by the Constitution and not prohibited by law. They have "power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and other writs necessary to carry into effect their orders, judgments and decrees, and to give them a general control over inferior courts, and tribunals within their jurisdiction." Const. art. 8, § 7. No power is given by the Constitution nor the statutes for one district court to exercise power or control over another district court.

"All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party." Article 1, § 11, Const.

It may be argued that the district court of Salt Lake county is not by its injunction enjoining or attempting to control or enjoin the district court of Sevier county, but that its restraining and injunctive order runs only against a party to the action in Sevier county. The distinction is more apparent than real. After a party to the action in the district court of Sevier county has invoked or submitted himself to the jurisdiction of that court, another court of like power and jurisdiction may not usurp the power belonging to another court of concurrent jurisdiction. *Trees et al.* v. *Glenn,* 319 Pa. 487, 181 A. 579, 102 A. L. R. 304, and note at page 308.

We are of opinion that the remedy by appeal from a judgment by the district court of Salt Lake county is neither speedy nor adequate. It is only claimed that a part of the notes sued upon are usurious. The statute requires that an action for the foreclosure of all liens and mortgages on real property, subject to the power of the court to change the place of trial, must be tried in the county or counties in which the property is situated.

When it was made to appear, as it was here, to the district court of Salt Lake county that a suit between the same parties and involving the same subject-matter was pending in Sevier county, the district court of Salt Lake county should have stayed its proceedings, and should have refused when it was so made to appear to enter the order staying the proceedings or restraining the plaintiff in the Sevier county case from proceeding. The case of *Escalante Co.* v. *Kent,* 79 Utah 26, 7 P. (2d) 276, 278, so holds and quotes from 15 C. J. 1134, as follows:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execu-

tion of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results."

It is therefore ordered that the injunction and restraining order issued by the district court of Salt Lake county enjoining the defendant in that action, O. G. Nielson, from proceeding in the prosecution of the action in Sevier county in which he is plaintiff be vacated and set aside and that the proceedings in Salt Lake county be stayed until the termination of the cause pending in Sevier county. Other proceedings to be in harmony with the views herein stated. Such is the order. Plaintiff to recover costs against the Boston Acme Mines Development Company.

FOLLAND, C. J., and EPHRAIM HANSON and LARSON, JJ., concur.

WOLFE, Justice.

I concur. However, I am of the opinion that section 44-0-9, R. S. 1933, does not permit an independent action to cancel a chose in action. The section is one of several which provide for remedies in case of usurious interest charges. This section fits the case where a suit has been brought on a bond, bill, note, etc., or in a case where the same is set up on a counterclaim where it "shall satisfactorily appear" that the same has been taken in violation of "this chapter." It is not designed to bring an independent suit to enjoin prosecution of the chose or obtain surrender of the same. However, equity in its general jurisdiction has power to entertain a suit of quia timet for such cancellation. Therefore, the Third judicial district court would have jurisdiction of the subject-matter of this suit, and it had jurisdiction of the parties. The reason it should not enjoin the defendant in its court from proceeding in Sevier county is because that court first obtained jurisdiction of the subject-matter and the parties and all the issues raised by plaintiff in the Salt Lake county action may be settled in the Sevier county suit.

It meets the test that the issue if raised in Sevier county and there adjudicated, would be a complete bar to the suit in Salt Lake county. 7 R. C. L. 1068, § 107.

The first court obtaining jurisdiction and proceeding expeditiously should be permitted to proceed on grounds of comity and prevention of a multiplicity of suits. The court in Sevier county, having first taken jurisdiction, could have enjoined the plaintiff in this action from proceeding in the Salt Lake county suit. 7 R. C. L. 1070, § 108. When suits involve the same parties, the same issues and are susceptible of the same remedies, brought in concurrent jurisdictions, the first obtaining jurisdiction has the right of way. It is not meant to say that the second tribunal has not jurisdiction, but convenience and necessity require that when courts of concurrent jurisdiction of the same government both take jurisdiction of the same litigation, the first tribunal resorted to should be permitted to proceed with the suit. This it cannot do if one of the parties is enjoined by another court of concurrent jurisdiction.

As to whether certiorari is the proper remedy to reach an injunction issued by the second court is somewhat doubtful. Certiorari brings up for review an alleged lack or excess of jurisdiction. The district court of Salt Lake county had jurisdiction to issue the injunction. In *Atwood* v. *Cox*, 88 Utah 437, 55 P. (2d) 377, we stated that in certain cases where if the court were permitted to pursue its jurisdiction in error, irretrievable damage would result or great inconvenience or injustice suffered, we would grant a writ of prohibition. The same would apply in the case of certiorari. In this case, if the action in Salt Lake county were permitted to proceed to judgment, the defendant therein might be compelled to await either an outcome favorable to himself before he could proceed with the suit in Sevier county, or if judgment were against him to take an appeal, and if we held the Salt Lake county court erred in issuing the injunction because of failure to observe comity, the defendant

therein would be unjustifiably delayed in the prosecution of his suit in Sevier county. This delay might in cases be fatal to his cause.

In *Atwood* v. *Cox,* supra, we reviewed numerous cases and found that courts had again and again taken cognizance of interlocutory orders of lower courts and prevented the mischief their execution would have resulted in where merely error was involved; that the courts in order to be consistent regarding the rule respecting the use of prohibition and certiorari had given expression to loose statements regarding jurisdiction as a cover for their action. It appears to the writer we should be honest about the matter.

The Constitution, section 4, art. 8, states,

"In other cases the Supreme Court shall have appellate jurisdiction only, and power to issue writs necessary and proper for the exercise of that jurisdiction."

Section 9, art. 8, states,

"From all final judgments of the district courts, there shall be a right of appeal to the Supreme Court."

This has been interpreted by inserting the word "only" after the word "judgments." I opine it was not meant to cut down the right of this court or the Legislature to permit reviews of interlocutory orders, but only to save to the litigant, from legislative or judicial obliteration, the right to appeal at least from final judgments. Thus we, at our discretion, are not precluded from issuing such writs "necessary and proper" for the exercise of our full appellate jurisdiction, which I think includes, in our discretion, review of interlocutory orders when the same, although only error, will result in great irremedial injustice, or such great inconvenience as would be likely to amount to a denial of justice, or in order to prevent a stalemate in judicial procedure, or for the purpose of relieving otherwise intolerable situations.

While certiorari technically only presents questions of lack or excess of jurisdiction, some writ—call it by that or another name—may be issued in such situations. The holding of this court that appeals are constitutionally only possible from final judgment comes from the case of *North Point Consolidated Irrig. Co.* v. *Utah & Salt Lake Canal Co.,* 14 Utah 155, 46 P. 824. I hope some time in the future to have the opportunity to show the falsity of the reasoning of that case. I think until we or the Legislature acts, appeals can only lie from final judgments because otherwise there are no procedural provisions. But I think section 9 of article 8 was only a restriction preventing this court by rule or the Legislature from taking away the right of a litigant to appeal from a final judgment and not a limitation denying the right of appeal except only from final judgments.

However, from the record it appears there is a motion to quash the restraining order which has never been ruled on. It appears to have been under advisement since January 16, 1936. But the writ of certiorari from this court was served on the lower court some time in July of 1936. The record shows that briefs were to be filed on the motion to quash. We do not know when those briefs were filed. Perhaps an inordinately long time did not intervene between the time the briefs were filed and the time of the service of the writ of certiorari. Certainly, in ordinary cases we should not compel the lower court to do an act where there is a motion pending in that court upon which it might take the action we compel. But since even on mandamus to act on the motion to quash, the lower court could do but one thing, i. e., grant the motion, there cannot be complaint of our taking the short cut and on this proceeding dissolving the restraining order. Certainly the plaintiff in this case has been long enough delayed in his right to prosecute the action in Sevier county.