## STATE v. CALIFORNIA PACKING CORPORATION

No. 6584.   Decided March 17, 1944.   (145 P. 2d, 784.)

*Grover A. Giles*, Atty. Gen., and *Zar E. Hayes* and *A. U. Miner*, Asst. Attys. Gen., for appellant.

*Howell, Stine & Olmstead*, of Ogden, for respondent.

WADE, Justice.

Plaintiff, by its petition for rehearing, raises only the question of the effect of our affirmance of the dismissal of plaintiff's complaint with prejudice. The district court sustained the demurrer to plaintiff's amended complaint, plaintiff refused to plead further; the case was dismissed with prejudice and we affirmed the judgment. *State of Utah* v. *California Packing Corporation*, 105 Utah 182, 141 P. 2d 386. The state now contends that the dismissal of this action

should not be a bar to its maintaining another action based on the facts alleged in its original complaint and asks us to so hold.

The dismissal of plaintiff's action, although with prejudice, does not bar plaintiff from maintaining another action against the defendant based on the same facts alleged in the original complaint providing the new complaint supplies new and additional facts so that the new complaint alleges different facts and states a cause of action. The dismissal of the action is with prejudice only to the extent that it determined once and for all that the complaint attacked by demurrer did not state facts sufficient to constitute a cause of action and bars the maintenance of a new action on the same facts which were alleged in the complaint which was dismissed.

Section 104-29-1, U. C. A. 1943 provides that

"An action may be dismissed without prejudice, or a judgment of non-suit entered"

under the conditions specified in the five sub-divisions which followed. Section 104-29-2 provides that

"In every case, other than those mentioned in the next preceding section, [the] judgment must be rendered on the merits."

A dismissal of an action after a demurrer has been sustained and plaintiff has refused to plead further is not mentioned in Section 104-29-1 as a ground for a "dismissal without prejudice" so it must come under Section 104-29-2 and be "with prejudice." This result is not in any way affected by Section 104-30-1, which merely provides a final judgment dismissing the complaint does not prevent a new action for the same cause of action unless it expressly declares or appears from the judgment roll that the judgment was rendered upon the merits. We are not here concerned with how it must be made to appear but under what state of facts should a judgment prevent the bringing of another action.

It is well settled, in the absence of statutory provisions to the contrary, that where a demurrer to the complaint is sustained on the ground that it fails to state facts sufficient to constitute a cause of action, and the defendant refuses to plead further, and the court dismisses the action for that reason, such judgment of dismissal will prevent the maintenance of a new action for the same cause of action where the allegations in the two complaints are substantially the same, and no substantially material new facts are alleged in the new complaint. This is true even though the court was incorrect in holding that the original complaint did not state a cause of action. 2 Freeman on Judgments 1572, Sec. 747; *Wade* v. *Peters*, 89 Or. 233, 173 P. 567, 13 A. L. R. 1100, also note on this question at the end of this case in 13 A. L. R. 1104, also supplemental note on this question in 106 A. L. R. 437. On this point the courts are practically unanimous and it is clear that to that extent such a judgment is a judgment on the merits. It is usually recognized by the courts and writers that a judgment on a question of fact is res adjudicata of that fact in another action between the same parties, even though it does not involve the same cause of action, but on a question of law, a judgment is res adjudicata only in the same cause of action. See 38 Yale Law Journal (1928-29) 299, which is an article written by Robert von Moschzisker on Res Adjudicata; Kellerman's Estate, 242 Pa. 3, 88 A. 865; Havir's Estate, 283 Pa. 292, 129 A. 101. A judgment on demurrer determines only questions of law and not questions of fact. Although it is often said that on demurrer the demurrant admits all facts well pleaded for the purpose of the demurrer, in reality he does not admit anything but merely says: Even if everything stated in the complaint were true it does not state facts sufficient to constitute a cause of action. 38 Yale Law Journal 319.

On the other hand, it is usually held that under the facts assumed above where, in the first action, the demurrer is sustained on the ground that the complaint failed to allege

some essential fact necessary to constitute a cause of action and another action is commenced wherein the essential allegation omitted in the first action is fully supplied in the second, the judgment in the first action is no bar to the second even though both suits were brought to enforce the same right and the plaintiff in the first action might have amended his complaint to include the omitted essential allegation. This for the reason that the merits of the cause as shown in the complaint in the second action were not passed on in the first. As said in *Gould* v. *Evansville & C. R. Co.*, 91 U. S. 526, 534, 23 L. Ed. 416, 419:

"* * * but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action."

In *Wilson* v. *Lowry*, 5 Ariz. 335, 52 P. 777, 778, the court said:

" * * * the appellant having failed on demurrer in his first cause of action from the omission of an essential allegation in his complaint which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same rights."

Mr. Justice Cardoza said in *Heyman Cohen & Sons* v. *M. Lurie Woolen Co.*, 232 N. Y. 112, 133 N. E. 370, 371:

"A former judgment, stated in the answer and admitted in the reply, is pleaded as a bar. We think it fails of that effect. The former judgment was on demurrer. The defects in the first pleading [were] corrected in the second."

In *Wade* v. *Peters,* supra [89 Or. 233, 173 P. 568, 13 A. L. R. 1100], the court quotes with approval from *Spicer* v. *United States*, 5 Ct. Cl. 34, as follows:

"After a somewhat extended review of this branch of the law, I am inclined to think that no case can be found, and certainly none in the federal courts, where a judgment rendered on demurrer, alleging the want of a material fact in the declaration, has been deemed a bar to a second action presented by a declaration wherein the material fact omitted from the first is sufficiently averred. The concurrent ruling of both the American and English courts seem to be that a judgment rendered for the want of a specific fact in the declaration is not a judgment upon the merits."

See also Freeman on Judgments, supra, at pages 1515, 1516; Annotations in 13 A. L. R. 1100, particularly at 1109 and division commencing at page 1113, and the supplemental annotation of this subject in 106 A. L. R. 437, division commencing at page 444 and *Rost* v. *Kroke,* 195 Minn. 219, 262 N. W. 450, 106 A. L. R. 434, which is the case preceding the annotation; *Abbott* v. *Bean,* 295 Mass. 268, 3 N. E. 2d 762; *Newhall* v. *Hatch,* 134 Cal. 269, 66 P. 266, 55 L. R. A. 673.

There are some cases which hold contrary and Robert von Moschzisker in 38 Yale Law Journal at page 319 criticises this rule and says:

"Judgments entered under such circumstances should not only be accounted as decisions on the merits, but should bar future litigation of the same cause both as to the issues raised in the first case and also as to all issues of fact that might have been pleaded by defendant, for since he failed to take advantage of an express opportunity to state his case, the law will assume he had none to plead."

Logically there is much force to his argument, but in practice it is often quite important to a litigant to know what the law is on a proposition involved in his case before he presents it to the jury. In order to do so he must plead his case so as to raise that issue, and if the trial court rules against him, then he must stand on his pleadings and take a dismissal in order to appeal to the higher court, but if the higher court also rules against him, and that decision on demurrer is res adjudicata of that cause of action, so that he cannot maintain a new action even though he

alleges additional facts, then he will be deprived of the opportunity of trying his case, knowing what the law is on that subject. The better rule therefore, as well as the one sustained by the weight of authority, is that a dismissal of an action after a demurrer to complaint has been sustained and plaintiff has failed to further plead, is with prejudice to and prevents the maintenance of a new action only where the facts alleged in the two complaints are substantially the same; but the dismissal of the former action is no bar to the maintenance of a new action where the demurrer is sustained because the complaint failed to state facts sufficient to constitute a cause of action, and the necessary facts omitted in the first complaint are supplied in the second, so that the complaint in the second action does state a cause of action.

We hold, therefore, that the judgment below, heretofore affirmed, is on the merits only to the extent hereinabove indicated and the petition for rehearing is denied.

WOLFE, C. J., and McDONOUGH, J., concur.

LARSON, Justice (concurring specially).

I concur in the holding that the dismissal of this action by the trial court was without prejudice, but reach that conclusion on a different basis than does my associate.

The only question presented by plaintiff's petition for rehearing has to do with the form of the order made by this court. After the District Court sustained the demurrer to plaintiff's amended complaint, and plaintiff refused to amend or further plead, the District Court dismissed the action with prejudice. In the opinion rendered by this court on appeal, 141 P. 2d 386, we held that the demurrer was properly sustained and affirmed the judgment. It is now contended that our order is erroneous in that it affirms a dismissal with prejudice, whereas a dismissal for failure to amend after the sustaining of a so-called general demurrer is a dismissal not on the merits and should there-

fore not be with prejudice. I state the question: When a demurrer to a complaint is properly sustained because the complaint does not state a cause of action, and plaintiff, after leave given, refuses to amend or plead further, stand upon his pleading and suffers a dismissal, is the judgment of dismissal on the merits.

That a judgment of dismissal upon demurrer is a final judgment is conceded. Is it on the merits? Section 104-29-1, U. C. A. 1943, provides that:

"An action may be dismissed without prejudice, or a judgment of nonsuit entered. * * *"

Then follow five subdivisions or specifications as to when this may be done. Subheads (1) and (4) are upon application of the plaintiff, and (2) is upon the agreement or stipulation of the parties. Subdivisions (3) and (5) are upon motion of defendant and apply when plaintiff fails to appear at the trial, and when upon the trial plaintiff fails to prove a sufficient case. The only other sections of the statute pertinent here are Sec. 104-29-2, reading "In every case, other than those mentioned in the next preceding section, judgment must be rendered on the merits." Section 104-30-1, defining a judgment as a final determination of the rights of the parties in an action or proceeding; and Sec. 104-30-7, reading: "A final judgment dismissing the complaint, either before or after a trial, does not prevent a new action for the same cause of action, unless it expressly declares, or unless it appears by the judgment roll, that the judgment is rendered upon the merits." It is evident that a dismissal does not bar another action unless such judgment of dismissal is one that is rendered upon the merits. It is also evident by the section first above cited that not every dismissal after a demurrer sustained is on the merits.

What is before the court on a general demurrer? What is determined by an order sustaining a general demurrer? Our statute does not mention "general demurrers" nor does

it mention "special demurrers." It merely states that a party may demur upon grounds therein specified. Sec. 104-8-1, U. C. A. 1943. The terms general and special demurrer are firmly established in legal parlance and proceedings. They have a generally understood and definite signification and connotation. The term, general demurrer, connotes one which is directed generally at the entire pleading, which searches the pleading as a whole, which is general in its attack, and not directed at special specific defects which can be pointed out as appearing upon the face of the pleading. It is generally directed at matters not in the pleading which it is thought should be set out. It calls attention to the insufficiency of the pleading to serve its purpose. It cannot therefore in form specify the particular wherein the pleading is defective, but does so in general language that "the pleading does not state facts sufficient to constitute a cause of action" (or a defense). Because of the general nature of the assault it has been called a general demurrer. The other six grounds of demurrer set out in the statute, are directed at specific defects, not matters missing from the pleading but appearing upon the face thereof, to which matter the demurrer in form specifically and specially directs the attention of the court. *Escalante Co.* v. *Kent,* 79 Utah 26, 7 P. 2d 276. Hence it is called a special demurrer.

A general demurrer is a general appearance. *McMillan* v. *Forsythe,* 47 Utah 571, 154 P. 959. Generally, it does not raise a question of jurisdiction of the court. It concedes the jurisdiction of the court over the subject matter and of the parties. It challenges the right of the court to enter any judgment against demurrant, in favor of the plaintiff, because the facts set up by plaintiff do not show him entitled to relief against demurrant. It is a pleading in response to the prior pleading (complaint, answer, or counterclaim) of the adverse party. Sec. 104-6-3, U.C.A. 1943. It admits the allegations of the pleading to which it is directed and asserts such pleading is insufficient to pre-

sent to the court any justiciable issue; insufficient to justify the court in judicially determining the merits of the cause of action. It asserts there is no matter juridically presented to the court by the pleading. Since such demurrer admits the allegations of the pleading to which it is directed, it is also in legal effect an answer or reply thereto, in the nature of a general admission. *Gammon* v. *Bunnell*, 22 Utah 421, 64 P. 958; *Peale* v. *Clark*, 50 Utah 83, 166 P. 981, and so standing leaves no issues on which evidence need be taken. *Toone* v. *J. O. O'Neill Const. Co.*, 40 Utah 265, 121 P. 10. There being no question in dispute as to the facts, there is but one question before the court: On these facts is the party entitled to relief? This question may be presented for a preliminary ruling, or it may be presented on final submission upon the merits. If presented "upon demurrer" the court's pronouncement thereon is not a judgment but a ruling, holding, or order occurring in the course of the proceeding in the action. If the court sustains a demurrer, the other party is permitted once as of course, and again if allowed by the court, to plead further and bring in other facts to show he is entitled to relief. If the demurrer is overruled, demurrant is allowed by the court to replead and traverse allegations of the complaint, so presenting a justiciable issue of fact or another issue of fact or another issue of law. A repleading, by either plaintiff or defendant, supersedes the former pleading in the making of the issues. Until a new pleading has been filed, the others stand as the pleadings determining the issues or questions between the parties and before the court. *Toone* v. *J. O. O'Neill Const. Co.*, supra; *Chesney* v. *Chesney*, 33 Utah 503, 94 P. 989, 14 Ann. Cas. 835; *Tate* v. *Rose*, 35 Utah 229, 99 P. 1003.

What then is the situation if a general demurrer to a complaint has been sustained and plaintiff refuses to amend or plead further?

The case is still pending before the court. Plaintiff has invoked the jurisdiction of the court by filing his complaint.

Defendant has appeared and answered by filing a general demurrer which is an admission of the allegations of the complaint. Three parties have connection with the case and may have some interest in seeing action in the matter: Plaintiff, defendant and the court. Plaintiff has two courses open: He may have the case set for trial or he may move a dismissal as provided in Sec. 104-29-1, U. C. A. 1943, Subdivisions (1) and (4). A trial would be on the merits; a dismissal would be without prejudice to another action. Of course, since the court had ruled that the facts would not entitle plaintiff to relief, plaintiff would probably not ask to have the case tried on the merits.

Defendant likewise has two available courses to dispose of the case. He may have the case set for trial and proceed under subdivisions (3) or (5) of Sec. 104-29-1, U. C. A. 1943. He, like the plaintiff, may then move to have the case dismissed or he may submit it on the merits. If plaintiff does not appear at the trial and defendant asks for dismissal under subdivision (3), such dismissal is without prejudice. Whether or not plaintiff appears at the trial, if plaintiff does not ask for a dismissal, defendant may submit the case on the merits, or move for judgment on the pleadings and take a judgment thereon against the plaintiff, no cause of action. Such judgment being a final determination of the rights of the parties in the action is a judgment on the merits and is a bar to another action.

The third party with an interest in seeing something done in a pending action is the court. It is interested in clearing its calendar, preventing accumulation of litigation on its docket, and in seeing its orders are obeyed or fulfilled. When the court has ruled that a complaint does not state a cause of action and allowed plaintiff time to amend, which plaintiff refuses or neglects to do, the court in the interests of clearing its docket and performing its functions, may on its own motion dismiss the action. *French* v. *Central Const. Co.*, 76 Ohio St. 509, 81 N. E. 751, 12 L. R. A., N. S. 669; 17 Am. Jur., p. 85. Such a dismissal is not a

final determination between the parties in the action, is not on the merits, and therefore is without prejudice.

It follows that where an action is dismissed, whether on motion of plaintiff, or of defendant, or by the court on its own motion because plaintiff refuses to amend or plead further after the sustaining of a demurrer on the ground that the complaint does not state sufficient facts, such dismissal is not on the merits, and is without prejudice. If either party desires a judgment with prejudice, he must submit the cause for determination on the merits either by evidence or by motion for judgment on the pleadings. For all the record here shows, this action was dismissed by the court on its own motion. It was, therefore, a dismissal without prejudice regardless of the wording of the court's order.

MOFFAT, Justice, participated in the original opinion but died before publication of this opinion.