# FRANDSEN v. PIUTE RESERVOIR & IRRIGATION CO. et al.

No. 6687. Decided June 22, 1944. (148 P. 2d 804.)

*Moyle, Richards & McKay* and *Arthur H. Nielsen,* all of Salt Lake City, for appellant.

*Cheney, Jensen, Marr & Wilkins, Samuel J. Carter,* and *A. E. Park,* all of Salt Lake City, *N. J. Bates,* of Richfield, and *Ashby D. Boyle,* of Salt Lake City, for respondent.

LARSON, Justice.

The District Court of Sevier County sustained demurrers to plaintiff's amended complaint and dismissed the case with prejudice. Plaintiff appeals.

The facts as revealed by the amended complaint are as follows: Plaintiff and the individual defendants, years prior to the commencement of this action, had each entered into a contract with the State of Utah for the purchase of water rights in a reservoir project. Before such contracts were paid, the purchasers joined in organizing the Piute Reservoir and Irrigation Company, one of the defendants herein, stock in which represents rights to the use of water for irrigation. By the articles of incorporation it is provided that subscriptions to stock of the corporation shall be made by the individuals assigning the aforesaid water purchase contracts to the corporation, receiving in return stock certificates fully paid up to the amount already paid on said contracts, plus certain credits. The balance due on the contracts was to be collected by annual calls on the unpaid subscriptions, as provided by the articles. The articles further provided that when money was collected upon these subscriptions it should be applied to the payment of the water contract between the state and the person making the payment. As each individual paid in full his water contract with the state, the corporation agreed by the articles to issue to him a fully paid certificate of stock for the number of shares represented by his contract. Some time after the organization of the corporation and before payment in full of his water contract by plaintiff, the State of Utah assigned its interest in the water contracts to the corporation, and accepted its bonds in payment. Thereafter plaintiff paid to defendant company $4,894.93 to be applied on the plaintiff's water contract with the State of Utah, being the balance due on his contract. Defendant company used this money in the payment of interest coupons of its bonds, which were held by the State Board of Land Commissioners of the State of Utah, and other company expenses. Subsequent to this payment by plaintiff the

legislature cancelled the indebtedness on defendant's bond remaining due from defendant to the State of Utah. None of the individual defendants had fully paid their subscriptions at that time, and they have not since paid them. Plaintiff then alleges that the money so paid by plaintiff was not paid by the corporation to the state of Utah on plaintiff's water contract but was paid to the State of Utah for the benefit of defendant corporation and the individual defendants in the payment of their obligations, and that defendants have been unjustly enriched by such application of plaintiff's funds. Plaintiff had no knowledge of the misapplication of his funds until March, 1938, and no part of said money has been repaid to plaintiff though demand had been made for repayment. The complaint asked for an accounting, and for contribution from individual defendants. Except as to amounts, and an allegation as to the assignment of the cause of action the second, third and fourth causes of action set out facts identical to those alleged above.

Defendants Piute Reservoir Company and Federal Land Bank demurred generally to the complaint, and also demurred on the ground that said action was barred by the statute of limitations. The individual defendants by a separate demurrer, demurred generally. The court sustained the demurrers on all grounds and dismissed the case with prejudice.

As the facts appear in the complaint above set out, plaintiff's contract with the state of Utah had been assigned to defendant corporation, at the time he made his payment, and no money was due the State thereon. The corporation as assignee of the contract was entitled to the payment ■ therefor. But since the corporation held both ends of the contract, the contract was extinguished and plaintiff's only liability was to the corporation on his stock subscription. In the beginning plaintiff and the individual defendants owed the state on certain water contracts. Their rights to the shares of water being purchased from the state were by them assigned to the corporation in return for corporate stock subscriptions for water rights from the corporation.

At this stage of the proceedings all were still liable to the state on the contracts. The state, however, then assigned its right to collect the money on the contracts for the water shares to the corporation in return for corporate bonds, thus releasing plaintiff and the individual defendants from all liability to the State on their contracts. By such action, the corporation was released from the liability imposed by its articles to pay the state on water contracts, the money received from the purchasers. Instead the liability to the state was a new one, evidenced by the corporate bonds. This leaves upon plaintiff and the individual defendants, but a single obligation, that of making payments on their stock subscriptions, which money when received was the money of the corporation. Plaintiff paid his subscription in full, and for aught that appears received his stock certificates. The individual defendants have not yet paid their stock subscriptions, and for all the pleadings show have not received their stock certificates. Plaintiff received what he paid for—his stock certificates. The fact that subsequently the state cancelled the indebtedness of the corporation on its bonds so that other subscribers may not be called upon for their subscriptions does not require them to repay plaintiff what he paid for his stock. Defendant corporation could no longer pay plaintiff's money to the state on his water contract, because the state no longer held such contract. It had been assigned to the corporation. As a matter of law, in view of the changed situation of the parties, plaintiff's payment was made not as a payment to the state on the water contract, but upon his subscription contract with the corporation. The question as to whether a stockholder of defendant corporation could maintain an action against the corporation and its officers to compel them to collect or cancel the stock subscriptions of the stock subscribers who have not paid their subscription contracts according to their tenor is not here involved, and what we have said is not to be construed as an expression of opinion thereon. The general demurrers were properly sustained.

Under this view of the case, it is not necessary to consider whether the cause of action was barred by the statute of limitations. The last assignment of error involves the order dismissing the action *with prejudice*. The law ■ as to this matter has been settled by this court in *State of Utah* v. *California Packing Co.* (on petition for rehearing) 105 Utah 191, 145 P. 2d 784. Regardless of what the court said in dismissing the case, it was a dismissal without prejudice.

Affirmed. Costs to respondents.

WOLFE, C. J., McDONOUGH and WADE, JJ., and ABE W. TURNER, District Judge, concur.

MOFFAT, J., Deceased.