## FERDINAND DICKERT, RESPONDENT, v. ADOLPH V. WEISE, APPELLANT.

1. SUFFICIENT DENIALS IN ANSWER.—The complaint alleged that there was due and owing from defendant to plaintiff the sum of, etc. The answer denied that there was due or owing from defendant to plaintiff the sum of, etc., or any other sum. *Held*, the answer raised no material point and was insufficient.

2. FAILURE TO FILE FINDINGS.—Where an action is submitted to the court upon the pleadings, and the court holds that no issue has been raised by the answer, and orders judgment for plaintiff, no finding is necessary, and such judgment will not be reversed for want of a finding.

3. SALE OF REAL PROPERTY UNDER EXECUTION.—Under a decree of foreclosure the officer offered two lots of land for sale separately, and had no bidders; he then and there offered the two lots together, when the plaintiff bid them in for the judgment. *Held*, Not invalid; and the sale was good under § 223 of the Practice Act.

Appeal from the Third Judicial District Court.

Action to foreclose a mortgage. The complaint was in the ordinary form of foreclosure, and contained the following allegation among others: "That there is now due and owing upon said note the sum of $1,493, with interest thereon at ten per cent. per annum from November 24, 1875." The answer contained the following denial of said allegation: "Denies that at the commencement of this suit or at any other time there was due or owing upon the note mentioned in the complaint, from the defendant to plaintiff, the sum of $1,493, with interest thereon, or any part thereof, with interest

or otherwise." The answer further showed that on November 24, 1874, plaintiff sold the land mentioned in the complaint to defendant, and that to secure the purchase price defendant gave the note and mortgage mentioned in the complaint, and that plaintiff held a patent from the government for said land at the time of such sale to defendant, and such lands were patented to plaintiff as agricultural lands. That the lands were and are mineral lands, and not subject to patent under the scrip so entered; and that the grantees of the government had fraudulently procured such patent by means of representing the land as agricultural, whereas it was mineral. That the government had commenced a suit to cancel said patent, and that defendant would then be without remedy, and also that defendant was ready and willing to convey the premises to plaintiff.

Plaintiff moved for judgment on the pleadings when the case was called for trial, which motion was granted. At the sale of the property by the marshal, the land, which was in two distinct parcels or lots, was sold altogether in one lot. Defendant moved to set aside the sale upon this ground. Motion overruled.

The other facts appear in the opinion of the court.

*Tilford & Hagan*, for appellant.

Under our code of practice, when a cause is tried by the court without a jury, the record must disclose a finding of fact and a statement of the conclusion of law, otherwise there is nothing to support the judgment, and the same will be reversed on appeal. *Blumenthal et al.* v. *Asay*, S. C., Utah, Jan. Term, 1877; *McKeon* v. *McDermott*, 22 Cal. 667; *Hoagland* v. *Clary*, 22 Cal. 474; *Russel* v. *Amador*, 22 Cal. 305; *Estel* v. *Chenery*, 3 Cal. 467; *Breeze* v. *Doyle*, 19 Cal. 102; Code of Utah, § 180.

Section 180 refers to something that must precede the judgment. *Corbett* v. *Job*, 5 Nev. 201.

The sale should have been set aside. Pr. Act, § 223; *Raun*

v. *Reynolds*, 11 Cal. 15; *San Francisco* v. *Pixley*, 21 Cal. 57; *Johnson* v. *Lampaig*, 34 Cal. 293; *Reynolds* v. *Harris*, 14 Cal. 667.

*Williams & Young*, for respondent.

The 180th section of the Practice Act does not apply to equity causes, but to cases at law in which the trial by the court supplies the place of a trial by jury, where the parties consent to it.

This sufficiently appears by the context of the statute alone. Pr. Act, §§ 179, 180, 181; *Walker* v. *Sedgwick*, 5 Cal. 192.

Hence, this being an equity cause, neither the statute nor the cases cited by appellant have any application.

But if it were an action at law neither the provisions of the 180th sec. nor the cases cited by appellant, have any bearing, for the reason that the answer in this suit does not raise an issue nor present a defense. The only denial contained in the answer is that of indebtedness, and that does not raise an issue. *Curtis & Richards* v. *Vantine*, 9 Cal. 33; *Wells* v. *McPike*, 21 Cal. 219; *McMurray et al.* v. *Gifford*, 5 How. Pr. 14.

The new matter does not constitute a defense. 1 Hill. on Mort. 612–616; *Norton* v. *Jackson*, 5 Cal. 263; *Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Pelton* v. *Farmin*, 18 Wis. 234; *Banks et al.* v. *Walker*, 2 Sandf. Ch. 344.

But conceding, for the sake of the argument, that none of the foregoing points are well taken, we insist that the findings in the case answer every requirement of the law. *McEwan* v. *Johnson*, 7 Cal. 258; *Breeze* v. *Doyle*, 19 Cal. 101; *Catling* v. *Henton*, 9 Wis. 476; *Demming* v. *Weston*, 15 Wis. 236.

Facts alleged in a complaint and not denied in the answer, are to be taken as true, and finding of such facts by the court is not necessary to sustain the judgment. *Hawkes* v. *Dodge County Mut. Ins. Co.*, 11 Wis. 188; *Downer* v. *Soxton*, 17 Wis. 29.

The refusal of the district court to set aside the sale was proper.

The property described in the complaint does not consist of such distinct or known lots or parcels as required a separate sale under the provisions of the 223d sec. of the Practice Act, even had the sale been under execution. The statute is directory, and but declaratory of the law as it existed before. *Cunningham* v. *Cassidy*, 17 N. Y. 276; *San Francisco* v. *Pixley*, 21 Cal. 57; *Jackson* v. *Rosevelt*, 13 Johns. 102; *Jackson* v. *Newton*, 15 Johns. 355.

Boreman, J., delivered the opinion of the court:

This is an action on note and mortgage for foreclosure; plaintiff alleging possession in the defendant at the giving of the mortgage.

Appellant (defendant below) answered, setting up that he bought the land of the plaintiff, paid for it in part, and afterwards gave the mortgage for the residue of the purchase money. That plaintiff had no valid title, but that his patent from the United States was procured by fraud; that the property was mineral land, and not subject to entry and patent as agricultural lands, and, therefore, the patent was void; and that, further, the United States had instituted suit to vacate the patent.

The cause was submitted to the court on the pleadings, and the court held that the answer did not raise any issue, and it accordingly gave judgment for the respondent. The property was sold and the judgment satisfied. The defendant has appealed to this court from the judgment and from the order overruling the motion to set aside the sale.

We are asked to set the judgment aside because there were no findings in the court below either of facts or law.

The complaint alleged possession in the appellant at the date of the mortgage, and this is not denied in the answer, nor is any ouster by paramount title alleged by appellant, nor does the answer show any tender of the possession even. The defendant (the appellant here) was not, therefore, in a condition to take advantage of the facts set forth in the answer

and the answer raised no issue.  Where a cause of action is submitted to the court upon the pleadings, and there is no issue raised by the answer, we do not deem that any findings are necessary; there are no reasons for any; the pleadings show the facts.  *Taylor* v. *Palmer*, 31 Cal. 242.

We see no reason to disturb the judgment.

But it is urged that the sale was not properly conducted; that the property was not sold separately as required by statute, but was all sold together, and that the sale should, therefore, be set aside.

The statute requires that when real estate is to be sold on execution, and is composed of several known lots, they shall be sold separately.  In this case the parcels of property were offered separately by the officer, but there were no bidders. Thereupon the officer offered all of the property together, and it brought the whole amount of the judgment and costs. The object of the statute, no doubt, was to have the property sell for the highest possible price, and this view of the statute is borne out by the language of the section itself.  C. L. § 1448.

The object of the law was secured, and the action of the court below in overruling the motion to set aside the sale was proper.

The judgment and ruling of the court below are affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.