FRANCIS TATE, Administrator of the Estate of GEORGE S. TATE, Deceased, Respondent, vs. ANDREW ROSE, Appellant.

No. 1981. Decided February 2, 1909 (99 Pac. 1003).

1. PLEADING—REPLY—NECESSITY. Under Comp. Laws 1907, sec. 2980, providing that there shall be no reply except where a counterclaim is alleged or where some matter is alleged in the answer to which plaintiff claims to have a defense through some fact avoiding allegations of the answer, a reply is not always required to new or affirmative matter in the answer. (Page 232.)

2. PLEADING—REPLY—NECESSITY FOR—LIMITATIONS. Under Comp. Laws 1907, sec. 2980, providing that there shall be no reply except where a counterclaim is alleged or where some matter is alleged in the answer to which plaintiff claims to have a defense, a plea of limitations in an action to quiet title does not require a reply. (Page 233.)

3. PLEADING—REPLY—NECESSITY FOR—QUIETING TITLE. In an action under Comp. Laws 1908, sec. 3511, to quiet title to land, defendant's claim of ownership and possession is not in the nature of a counterclaim, so as to require a reply under section 2980. (Page 234.)

4. PLEADING—PURPOSE. The principal purpose of pleading is to frame and present the issues to be tried. (Page 235.)

5. PLEADING—AIDER BY INFERENCE. While a pleading should state directly the facts relied on, an averment may be aided by inference or presumption. (Page 235.)

6. QUIETING TITLE—COMPLAINT—SUFFICIENCY. If, when decedent died, he owned and was in possession of land, title to which his administrator sues to quiet, in the absence of proof to the contrary it will be presumed that the title remained in his estate, and hence the administrator was not bound to allege ownership at the time of suit. (Page 235.)

7. STATUTES—RECORDS—ADMISSIBILITY. While the record of an instrument may not be used as evidence of the contents of the original unless authorized by statute, statutes authorizing the record of instruments duly acknowledged, proved, or verified as provided by law to be used as evidence are remedial in their nature, and require a reasonable, if not a liberal construction. (Page 237.)

8. EVIDENCE—RECORDS—PATENTS—ADMISSIBILITY. Under Comp. Laws, 1907, sec. 1975, providing that every conveyance of land, etc., to impart notice, shall be acknowledged, certified, and recorded, section 1999, defining what is a sufficient certification and acknowledgment to entitle an instrument to record; section 2000, making conveyances of lands and patents properly executed, recorded, etc., constructive notice of their contents; and section 3409, providing that the record, or certified copies of the record, of instruments conveying land, duly acknowledged, may be read in evidence with the same effect as the original on proof that the original is not under the control of the person producing the record or copy—the record of a patent is admissible in evidence when the record shows that the patent was duly executed, etc. (Page 238.)

9. EVIDENCE—RECORDS—ADMISSIBILITY. Under Sess. Laws 1907, p. 102, c. 90 (Comp. Laws 1907, sec. 2010), making admissible in evidence instruments recorded before January 1, 1907, regardless of any defect, omission, or informality, a patent recorded January 19, 1901, was admissible in evidence in an action to quiet title. (Page 238.)

10. EVIDENCE—DOCUMENTS. Such acts as Sess. Laws 1907, p. 102, c. 90 (Comp. Laws 1907, sec. 2010), making admissible in evidence instruments recorded before a specified date, regardless of any defect, etc., are purely remedial, and apply to pending actions unless otherwise stated. (Page 238.)

11. EVIDENCE—PAROL EVIDENCE—IDENTIFICATION OF DESCRIPTION. Under the rule that, where the description in an instrument conveying land is not so vague and uncertain as to void the grant, the land may be identified by parol, in a suit to quiet title to a specified quarter of a specified section, testimony was admissible to identify the land as that described in a patent as lots 1-4 in that section. (Page 239.)

12. LIMITATION OF ACTIONS—EVIDENCE—SUFFICIENCY. Evidence *held* to sustain a finding that suit to quiet title was not barred by limitations. (Page 240.)

13. LIMITATION OF ACTIONS—BURDEN OF PROOF. In a suit to quiet title a plea of limitations was an affirmative defense, to prove which the burden was on defendant. (Page 240.)

14. EVIDENCE—FAILURE TO SUSTAIN BURDEN OF PROOF. In the absence of evidence supporting an issue respecting which the burden of proof was on defendant, the trial court was bound to find for plaintiff. (Page 240.)

APPEAL from District Court, Second District. *Hon. J. A. Howell,* Judge.

Action to quiet title, by Francis Tate, Administrator, against Andrew Rose. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*C. R. Hollinsworth* and *J. N. Kimball* for appellant.

*H. H. Henderson* for respondent.

FRICK, J.

This is an action to quiet title to certain lands in Weber county, Utah. The respondent, in substance, alleged that one George S. Tate, on the ———— day of January, 1900, died intestate; that at the time of his death said deceased was the owner and in possession of certain real estate, described as the west half of the southwest quarter of section 18, township 7, range 1 west, Salt Lake meridian, United States survey; that on the 30th day of March, 1907, the respondent was duly appointed administrator of the estate of said George S. Tate, deceased, and that respondent is the duly qualified and acting administrator of said estate; that the action is brought by him as administrator for the use and benefit of said estate; that the appellant claims an estate or interest in the lands described, but that the claim of said appellant is without right,

and that he has no estate, right, title, or interest in said described lands, or any part thereof. These allegations were followed by the usual prayer in such actions. The defendant demurred generally to the complaint, and, upon the overruling of the demurrer, answered. He admitted the appointment of respondent as administrator of said estate, but with regard to the ownership of the land in question he answered as follows: That appellant "has no knowledge or information thereof (ownership) sufficient to form a belief." Appellant further averred that "he is the owner in fee simple of the real estate described, . . . and is in possession thereof," and that the action is barred by virtue of sections 2859 and 2860, Rev. St. 1898. Upon this answer appellant prayed that the title to the land be quieted in him. It will be observed that the ownership of the land is not denied by appellant, except by the inference to be deduced from his allegation that he is the owner. When the case was called for trial, the appellant moved for judgment on the pleadings, upon the ground that respondent had failed to reply to the new or affirmative matter contained in the answer. It is claimed by him that the affirmative allegations contained in the answer were admitted, and hence he was entitled to judgment. The court overruled the motion, which ruling is assigned as error.

It is contended by appellant that the averment of ownership, as well as the plea of the statute of limitations in the answer, constitute new matter which requires a reply. Section 2980, Comp. Laws 1907, as in force when this action was commenced, so far as material here, reads: "There shall be no reply except, (1) where a counterclaim is alleged; or, (2) where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." Under our Code, therefore, a reply is not required to new or affirmative matter set up in the answer under all circumstances, and, where a reply is not required, section 2996 provides that "an allegation of new matter in an answer to which a reply is not required . . . is to be deem-

ed controverted by the adverse party." If the new matter set
up by appellant, therefore, did not require a reply, then it
was denied or controverted as a matter of law. Is a reply
required, in view of the nature of the action and the issues
presented by the pleadings?

The plea of the statute of limitations, in view of section
2980, *supra,* certainly did not require a reply. All that
respondent could have done would have been to deny
that the statute of limitations had any effect upon his
cause of action, and this denial the statute made for
him. In case the time required by the statute to bar an
action has run against the plaintiff, and he desires to show
that, notwithstanding such fact, the action, nevertheless, is
not barred by reason of a new promise made by, or the non-
residence of, the defendant, by reason of which he seeks to
avoid the plea of the statute of limitations, then a reply
setting forth these facts may be necessary. In this case
there was no such issue, and hence no reply was required.

Are the averments of ownership and possession contained
in appellant's answer in the nature of a counterclaim which
requires a reply? Section 3511, Comp. Laws 1907, pro-
vides: "An action may be brought by any person against
another who claims an estate or interest in real property
adverse to him, for the purpose of determining such adverse
claim." This action was commenced and is prosecuted under
the provisions of that section. What is the purpose of such
an action? There can ordinarily be but one, and that is
to judicially determine who has the title to the land, and,
when that is determined, to enter a judgment quieting the
same in the person in whom it is vested as against the ad-
verse claimant. In the very nature of things, therefore, the
plaintiff must set forth in his complaint the fact that he is
the owner of the land in question, and that the defendant
claims some estate or interest in the land adverse to the
rights of the plaintiff. A mere allegation of ownership and
possession, or right of possession, would not constitute a com-
plete cause of action against any one. It must further appear

that some one disputes plaintiff's rights, and who the person is that disputes them. Upon these allegations plaintiff usually prays (which was done in this case) that the adverse claimant be required to set forth his claims, and that such claims be adjudged to be without merit, and that the title be quieted in the plaintiff, and that defendant be enjoined from interfering with the property or the plaintiff's rights therein or thereto. The defendant is thus apprised of plaintiff's claim and that he asks the court to quiet the title to the property in him. The defendant may ignore the action and make default, or he may disclaim any right in the property and recover his costs, or he may set up his adverse claim to the property. Where, however, the defendant simply claims the title to be in him as owner without setting forth any other defense, it seems to us the issues are fully made up by the complaint and answer. The only question in such a case is, who has the title? The plaintiff claims it on the one hand, while the defendant claims it on the other. The real controversy, or matter litigated, in an ordinary action to quiet title, therefore, is the question of ownership. But in connection with this ownership the plaintiff must allege that some third party claims some interest adverse to him, and upon this the prayer is made that the adverse claimant be required to set forth his interest, so that the court may pass upon and adjudicate the respective claims of the parties. That the defendant claims some interest is thus made to appear in the complaint. If, in such a case, the defendant sets forth the nature of his adverse claim in his answer and avers ownership, is such an averment to be treated as new matter or as a counterclaim requiring a reply? We think not. In such instance the plaintiff claims ownership and asks that the title be quieted in him, notwithstanding the claims of the defendant. The defendant simply sets forth the nature of his claims. Would it not be folly to say that in a legal sense the plaintiff admits the rights claimed by the defendant in his answer when the plaintiff is required to and does allege that the defendant

claims some estate or interest in the property, but that such claim is without right, and asks the court to declare it to be so? The plaintiff has already, in his complaint, negatived the defendant's claims of rights, whatever they may be, and he could do no more than this in a reply. The principal purpose of written pleadings is to frame and present the issues to be tried. What is admitted presents no issue. In an action to quiet title, where the defendant merely pleads ownership generally to the property in question, without claiming title through a different or independent source, the issues, in our judgment, under our Code, are fully made up by the complaint and answer without a reply. Where the defendant claims a lien against the property, with or without a prayer to foreclose the same, or where he sets up a specific title, or where he pleads facts which the plaintiff concedes but desires to avoid by reason of some new matter, then a reply may be required, but otherwise not. This assignment must, therefore, be overruled.

It is also contended that the complaint is defective in substance in that it merely alleged that the deceased, at the time of his death, was the owner and in possession of the lands in question. It is contended that this allegation is insufficient because it does not allege ownership at the time the action was commenced. While good pleading requires that facts be stated directly, and that the right of action be shown as of the date when the action is commenced, it does not follow that a statement in a pleading may not be aided by inference or presumption. If the deceased was the owner and in possession of the land at the time of his death, the law, in the absence of proof to the contrary, will presume that the title remained as it was; that is, the law will not presume that the title was parted with without allegation and proof to that effect. This contention made by appellant is decided against him by the Supreme Court of California in the following cases: *Kidder v. Stevens,* 60 Cal. 414; *Eltroth v. Ryan,* 89 Cal. 135, 26 Pac. 647. In the latter case the court passes upon this identical question. The action was com-

menced in 1888. At the trial the plaintiff, as proof of his title, introduced a certified copy of a United States patent dated April 15, 1875, by which the land in question was conveyed to him. The plaintiff made no further proof, and it was contended, as it is in this case, that ownership had not been proved at the time the action was commenced. In the syllabus the rule is stated thus:

"A status, once established, is presumed by law to remain, until the contrary appears; and in an action to quiet title, after proof of title in the plaintiff, he need not prove that he has not parted with the title, or that he is entitled to the possession of the land."

The allegation in the complaint that the deceased was the owner and in possession of the land at the time of his death was sufficient, if supported by proof that the title was vested in him at that time. From the allegation and proof of ownership at that time, the inference or presumption would follow that the ownership continued as alleged until the contrary was made to appear. It was sufficient, therefore, to allege and prove that the title was vested in the deceased at or prior to his death. This answers the objection that the findings in this regard are insufficient. This same question is also answered by the California cases referred to.

A further assignment relates to the ruling of the court in admitting in evidence the record of the patent to the land in question as found in the records of Weber county, where the land is situated. It is contended that a patent is not entitled to record under our recording acts, and that, therefore, the title to the land cannot be proved by merely introducing in evidence the record of such patent. Section 1975, Comp. Laws 1907, in substance, provides that every conveyance of real estate, every agreement in writing to convey real estate, or whereby any real estate may be affected, in order to impart notice shall be proved or acknowledged and certified and recorded in the office of the recorder of the county in which the real estate is situated. Section 1999 merely defines what is a sufficient certification and acknowledgment or proof of execution of the conveyance to entitle it to be recorded. Sec-

tion 2000 is, in a large part, a restatement of section 1975, supra, with the additional provision that every conveyance affecting real estate, when executed and acknowledged, or proved and certified, "and every patent to lands within this state duly executed and verified according to law," shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof. Section 3409, relating to evidence, provides that "every instrument conveying or affecting real property, acknowledged, or proved and certified as provided by law may . . . be read in evidence, in an action or proceeding, without further proof; and the record, or certified copy of the record of such conveyance or instrument thus acknowledged or proved, may be read in evidence with the like effect as the original on proof by affidavit or otherwise, that the original is not in the possession or under the control of the party producing the record or the certified copy." The respondent, as a witness, testified that he searched for the original patent, that he did not have it in his possession, and said: "I don't know where it is." Upon substantially this proof, the court admitted the record of the patent in evidence. While it is true that the record of an instrument may not be used as evidence of the contents of the original, unless authorized by some statute, nevertheless, the statutes which authorize the record of instruments duly acknowledged or proved, or verified as provided by law, to be used as evidence, are remedial in their nature and effect, and hence require a reasonable, if not a liberal, construction. In view of this, we think that patents to lands in this state fall squarely within the spirit, if not within the letter, of all the sections referred to. By section 2000, the filing for record of a patent to lands in this state, when duly executed and verified according to law, imparts notice to all the world of the contents thereof, precisely the same as would the filing of any other instrument conveying land which was duly acknowledged or proved and filed for record. If the record of an instrument itself imparts notice of the contents of the original, the conclusion seems unavoidable that it

must have been the intention of the Legislature to authorize the original to be recorded. If such is not the case, then it was a useless ceremony to enact the law which makes the record constructive notice. We are clearly of the opinion that, considering all of the sections referred to together, it was intended to make the record of a patent admissible in evidence when the record shows that such patent was "duly executed and verified as provided by law." There is no claim that the patent in question was not so executed and verified.

But entirely apart from what we have said concerning the spirit of the sections referred to, we think the Legislature, by these and subsequent enactments, has not left its intention doubtful with respect to what records may be used as evidence to prove title to lands in this state. In order to validate defectively executed instruments of conveyance, the Legislature has, from time to time, passed what are commonly called "curative acts," the last one of which was passed in 1907 (Sess. Laws 1907, p. 102, c. 90). This act now constitutes section 2010, Comp. Laws 1907. This act, in substance, provides that "all instruments in writing that were previous to January 1st, 1907, copied into the books of record of the office of the county recorders of the several counties of this state," shall, notwithstanding "any defect, omission, or informality," be admissible in evidence. The patent in question was recorded on January 19, 1901. The act in question, while passed before this action was commenced, but not in effect until afterwards, nevertheless was in effect when the case was tried and the record admitted in evidence. Acts of this character are purely remedial, and apply to pending actions, unless otherwise stated. (*Stanley v. Smith,* 15 Or. 505, 16 Pac. 174.) In any view, therefore, the record of the patent in question was admissible in evidence, hence the court did not err in the ruling complained of.

Another assignment relates to the admission of certain evidence which was admitted by the court for the purpose of identifying the land in question as being the subject-matter of

the grant. The respondent, in his complaint, described the land as the west half of the southwest quarter of section 18, township 7, range 1 west, Salt Lake meridian, United States survey. In the patent introduced in evidence the land was described as "lots numbered 1, 2, 3 and 4," in the section, township, and range aforesaid. Respondent produced a witness who, in effect, was permitted to testify, over appellant's objection, that he knew that the lots mentioned in the patent covered or described the land mentioned in the complaint, and that the land described in the patent was the land in question. It is now urged that the court erred in admitting this evidence, upon the ground of incompetency. The description in the patent is not so vague and uncertain as to void the grant. Where this is the case, it is always permissible to identify the land which is the subject-matter of the grant by parol, so as to make it applicable thereto. Where certain subdivisions of a certain section are referred to as lots, it certainly would be laying down a strict rule to hold that parol evidence is inadmissible to show that the lots referred to in the grant do or do not cover a particular subdivision or subdivisions of the section named. We are not prepared to lay down such a doctrine. The following cases amply sustain the views above expressed: *Perry v. Elliott,* 101 Va. 709, 44 S. E. 919; *Bell v. Couch,* 132 N. C. 346, 43 S. E. 911; *Strubbe v. Lewis* (Ky.) 76 S. W. 150; Ballard's Law of Real Prop., vol. 11, sec. 201. While the competency of the witness who identified the land was not made to appear as fully as might be desired, still the court was justified in admitting the evidence and in holding the witness qualified to testify. In this ruling the appellant was not prejudiced in any substantial right.

Finally, it is asserted that the court erred in finding that the statute of limitations had not barred respondent's right of action, because there is no evidence to support this finding. While the evidence with regard to the actual possession of the land by the respondent is meager and unsatisfactory, yet, in view that the administrator testified that he "looked after the

land during the years 1897, 1898, 1899, and 1900," it will not be presumed that he looked after it while another was in adverse possession of it. This action was commenced in April, 1907. If respondent had supervision of the land during the whole of the year 1900, seven full years had not elapsed between the time that dominion over it was shown by respondent and the commencement of the **12** action. There is, therefore, some evidence to sustain the finding of the court.

But apart from this, the plea of the statute of limitations was an affirmative defense with regard to which the burden of proof was upon the appellant. He offered no evidence whatever to sustain the plea. The plea, however, pre- **13, 14** sented a material issue upon which a finding was required. In the absence of any evidence in support thereof, it was the duty of the court to find in favor of the respondent and against the appellant upon this issue; and the appellant is not in a position to urge that there is no evidence in support of the negative finding upon this issue, for the simple reason that such a finding was the only possible one the court could make, in view that the appellant offered no evidence in support of this affirmative defense.

From what has been said it follows that the judgment ought to be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.