# HARMAN v. YEAGER et ux.

No. 6549. Decided March 4, 1943. (134 P. 2d 695.)

*F. H. Henriod* and *Fred L. Finlinson,* both of Salt Lake City, for appellants.

*E. A. Rogers* and *Sam Bernstein,* both of Salt Lake City, for respondent.

LARSON, Justice.

This appeal turns on a question of pleading. For several years defendants had been the owners of certain lands in Salt Lake County, including the N¼ of Lot 8, Block 22, Plat "A" Big Field Survey. In 1932 defendants sold part of said property to plaintiff, and executed and delivered a deed therefor. Several years later a dispute arose between the parties as to the exact location of the boundary line between their properties. On March 18, 1939, plaintiff instituted this action to quiet title to the property described in her deed from defendants. In their answer defendants set forth what was denominated as an "Affirmative Defense and a Basis for Affirmative Relief." Plaintiff filed no reply, and when the matter came on for trial, defendants moved for "Judgment on the Pleadings." The motion was denied and the cause heard on the merits. Judgment quieting plaintiff's title was entered. Defendants' appeal turns upon the ruling of the court denying judgment on the pleadings. If defendants' answer was such as to require a reply, defendants were entitled to judgment. If no reply was required the judgment must be affirmed. As to whether a reply was required in this cause, depends upon the question as to whether the matters set up in the so-called "Affirmative Defense" set up in defendants' answer constitutes a coun-

terclaim. We need not consider the various circumstances under which a reply may be required. That matter is discussed at length in *Dunham* v. *Travis*, 25 Utah 65, 69 P. 468; and *Tate* v. *Rose*, 35 Utah 229, 99 P. 1003.

A reply must be filed to a counterclaim, or the allegations thereof are taken as true and defendant entitled to judgment accordingly. *Dunham* v. *Travis*, supra; *Smith* v. *Faust*, 1 Utah 90; *Dickert* v. *Weise*, 2 Utah 350, 354. If the matters set out as an affirmative defense do not constitute a counterclaim it is admitted defendants are not entitled to judgment thereunder and their assignment must fail. A counterclaim is viewed as an original action, instituted by the defendant against the plaintiff and is tested by the same tests and rules as a complaint. *Dunham* v. *Travis*, supra.

Let us examine defendants' so-called "Affirmative Defense" and see if it states a cause of action against plaintiff. If it states a cause of action it matters not that it was not designated as a counter-claim. Its character will be determined by the court by the facts set out in the pleading. *Dunham* v. *Travis*, supra, and cases therein cited. Defendants contend they state a cause of action on two different theories: (1) A cause of action for reformation of the deed given by defendants to plaintiff; (2) a cause of action to quiet title by adverse user. We will examine them in order. Do defendants state a cause of action for reformation of the deed? The matters alleged, as far as pertinent to this claim, are as follows: That in 1932 defendants were the owners of the North ½ of Lot 8, Block 22, 10 Acre Plat "A," Big Field Survey; on November 19th of that year they executed and delivered to plaintiff a deed to a part of such property which deed was recorded and contained the following description:

"Beginning at a point 8.7 rods South of the Northwest corner of Lot 8, Block 22, Ten Acre Plat "A," Big Field Survey, and running thence North 4.35 rods; thence East 46 rods; thence South 4.35 rods; thence West 46 rods to the place of beginning, being the South ½ of

the North ½ of said Lot 8, together with 1¼ shares of stock in Big Cottonwood Lower Canal Company."

That there was a fence "at or near the north side" of the property defendants owned before the sale to plaintiff, and another fence "at or near the south side" of said property; at the time of the sale to plaintiff there existed a fence "equidistant from the north and south fences" mentioned above; that "plaintiff intended to and did accept the south half of the property between said fences [the north and the south fences] as the property she was purchasing"; that plaintiff intended to and did accept the partition fence as the dividing line; that it was only just prior to commencement of this action that plaintiff discovered there was a dispute as to the lands she had purchased. "That the parties hereto understood and agreed that said fence on or near the north boundary of Lot 8 was the measuring point and understood and agreed at the time of said conveyance and thereafter for many years that the partition fence between said properties was the boundary line, and understood and agreed that the same should be the partitioning line and eliminate any dispute or uncertainty concerning said boundary, and was accepted as such." That the parties believed that fences "were on the true boundary lines"; that defendants are the owners and occupants of the property contained between the fences on or near the north boundary of Lot 8 and the partition fence, being described as the north 4.35 rods of Lot 8, measured from the fence line on or near the north boundary of Lot 8; that plaintiff asserts some interest, therein, without right; and prays for a decree quieting their title thereto and reforming the deed if the partition fence is not the true boundary. These are all the facts set out which could tend to support a cause of action for reformation of the deed. Do they state a cause of action? We shall state here the facts which are missing the allegation of some of which is essential to stating a cause of action.

There is no allegation that the description in the deed does not describe the land sold and intended to be conveyed; *Auerbach* v. *Healy,* 174 Cal. 60, 161 P. 1157; there is no allegation that the land described is not the land between the fences; there is no allegation setting forth the correct description of the land actually sold by defendants to the plaintiff, if the description in the deed is not correct. *Sellwood* v. *Henneman,* 36 Or. 575, 60 P. 12; *Ramsay* v. *Loomis,* 6 Or. 367. There is no allegation to show any difference between the lands plaintiff claims and the lands defendants say were sold to plaintiff; *Peninsula Lumber Co.* v. *Royal Indemnity Co.,* 93 Or. 684, 184 P. 562; there is no allegation that the description in the deed is not the description that it was intended to put into the deed; *Thraves* v. *Greenlees,* 42 Okl. 764, 142 P. 1021; there is no allegation that any mistake was made in describing the property intended to be conveyed; there is no allegation that the written instrument fails to express the intention of the parties; *Carr* v. *King,* 24 Cal. App. 713, 142 P. 131; there is no allegation that a mistake was made by the parties or either one of them; *Carlson* v. *Druse,* 79 Wash. 542, 140 P. 570; nor is it pointed out wherein the writing fails to embody the real agreement. *Burt* v. *Wilson,* 28 Cal. 632, 87 Am. Dec. 142; *Strauss* v. *Monitor Specialty Co.,* 89 Neb. 176, 131 N. W. 193; *Gassert* v. *Black,* 11 Mont. 185, 27 P. 791. *Auerbach* v. *Healy,* supra; *Hyland* v. *Hyland,* 19 Or. 51, 23 P. 811. The particular circumstances constituting the mistake are not pleaded; *Coates* v. *Smith,* 81 Or. 556, 160 P. 517; no facts are averred showing how the mistake occurred, *National Bank of Cal.* v. *Exchange Nat. Bank,* 186 Cal. 172, 199 P. 1; there is no allegation as to whose mistake it was, *Auerbach* v. *Healy,* supra.

Since many facts essential to statement of a cause of action for reformation is missing from the answer it cannot be construed as a counterclaim for reformation of the deed.

Do the facts set out in the Affirmative Defense state a cause of action based upon adverse user? In paragraph 7 of the Affirmative Defense, defendants set out all the elements of a claim of adverse user except a description of the property they claim. That description is set out in paragraph 9

"the property contained between the fence on or near the north boundary line of Lot 8 mentioned hereinabove and the partition fence line so mentioned, [described in another place merely as 'equi-distant' between the fence at or near the north boundary of Lot 8, of the N½ and a fence at or near the south boundary of the N½ of said Lot] being in Block 22, Plat 'A,' Big Field Survey, Salt Lake County, Utah, being described as the north 4.35 rods of Lot 8 measured from the fence line on or near the boundary of said Lot 8."

Passing over the question as to whether the description of the land defendants claim is sufficient to state a cause of action to quiet title thereto, the Affirmative Defense, which if a counterclaim must be construed as a complaint shows affirmatively by direct averment that less than seven years had elapsed between the time defendants deeded to plaintiff and the commencement of this action, and therefore defendants did not state a cause of action in adverse possession. No reply therefore was required. Further under the rule laid down by this court in *Tate* v. *Rose,* 35 Utah 229, 99 P. 1003, no reply would be required in a suit such as this even if the indicated weaknesses in defendants' pleading had not existed.

We have examined the other assigned errors which go to the sufficiency of the evidence and find them without merit.

The judgment is affirmed. Costs to respondent.

McDONOUGH and WADE, JJ., concur.

WOLFE, Chief Justice (concurring in the result).

I concur in the results. The distinction between a pleading which if proved would only defeat the plaintiff's claim and one which would entitle the pleader to an affirmative

judgment was pointed out in the case of *Hayden* v. *Collins*, 90 Utah 238, 63 P. 2d 223. In this case, the plaintiff was claiming a narrow strip of land only a few feet wide between the north boundary of the land as described in defendant's deed to her and the medium fence. The defendant's answer sets up matters to defeat her claim which at the same time served the office of attempting to show title to said strip in himself. All the matters except those on which was based the prayer for reformation of the deed themselves inadequately pleaded could have been introduced under a general denial although the defendant could not have asked that judgment quieting title be rendered in his favor but only a judgment holding that plaintiff had no cause of action. Under this state of affairs, I doubt if a reply was necessary. But even if so the court would ordinarily give a right to file a reply.

The evidence in this case supports a finding that plaintiff possessed the land to her north boundary line described in the deed and that defendant did not obtain it by adverse possession. There is no allegation that he paid the taxes so as to support a claim for adverse possession. There was evidence to support the court's finding that the described boundary line and not the picket fence was the north boundary line of plaintiff's lot and that the picket fence was south of the true boundary line and that the parties did not treat the fence as the true boundary line.

Certainly, under such circumstances there could be no prejudice against the defendant for if she had filed a reply the defendant could not have prevailed. Where the evidence when introduced does not support a so-called counterclaim, how can this court hold that the defendant should nevertheless have been given judgment on that counterclaim because a reply was missing.

I am concurring in the result in this case because I am not prepared to agree or disagree as to all that is said by Mr. Justice Larson as to the required allegations to state a good cause of action for the reformation of an instrument.

Coming to my conclusions on somewhat other grounds, I deem it unnecessary to determine the correctness of opinion in that regard.

MOFFAT, Justice.

I concur in the result.