426 P.2d 1

JUAB COUNTY DEPARTMENT OF PUB-LIC WELFARE, Plaintiff and Re-spondent,

v.

Gean C. SUMMERS, Defendant and Appellant,

and

Lynn Owen Newton and Aleen Mattinson Newton, his wife, Defendants.

No. 10584.

Supreme Court of Utah.

March 28, 1967.

Ray H. Ivie, Provo, for appellant.

Milton T. Harmon, Juab County Atty., Nephi, for respondent.

Allen L. Hodgson, Salt Lake City, for defendants.

ELLETT, Justice:

Chapter 90, Laws of Utah 1953, provides that in order to be eligible to receive old age assistance, a person must, among other qualifications, give a pledge on all realty which he owns as a guarantee for the repayment of the assistance granted. It further provides that the applicant and spouse shall be required to enter into an agreement in form approved by the State

Department of Public Welfare and that the document be recorded with the county recorder of the county wherein the recipient lives.

On July 21, 1955, Reuben Carter and his wife, Ruby, made application for old age assistance; and in order to qualify under the law, they executed a document in the following words:

### PUBLIC WELFARE LIEN AGREEMENT

I, or We, the undersigned, having applied for public assistance from the Juab County Department of Public Welfare and in order to secure the reimbursement of any sums advanced to me, or us, or paid in my, or our, behalf by the said County Welfare Department do hereby grant a lien on, assign or pledge, pursuant to the laws of the State of Utah, all right, title and interest in and to all real property owned by me or in which I, or we, have an interest, including, but not limited to, the following described real property located in Juab County, State of Utah, to wit:

All of Lot 4, Blk. 1, Plat A., Mona Townsite Survey.

WITNESS my or our signatures this 21st day of July, 1955.

Reuben E. Carter
_____
Signature

Ruby Carter
_____
Signature

This was acknowledged and filed of record. The legal title to this land was in Reuben Carter.

On October 10, 1955, the Carters gave a deed to their daughter, transferring their interest in the realty covered by the lien above set out. On August 20, 1957, Reuben Carter died, and three days later the daughter placed the deed of record. The wife, Ruby, continued to receive old age assistance until her death on September 12, 1961.

The procedure in foreclosing a lien is set out in Chapter 126, Laws of Utah 1961, and provides under Section 30 as follows:

\*    \*    \*    \*    \*    \*

(b) Liens shall become due and payable, and the department shall seek collections of each lien now held or taken:

(1) When the property to which the lien attaches is transferred to a third party prior to the recipient's death; \* \* \*.

(2) Upon the death of the recipient and his or her spouse, if any. \* \* \*

(3) When a recipient becomes financially able to pay off the lien or voluntarily offers to settle the lien.

\*    \*    \*    \*    \*    \*

Foreclosure proceedings were commenced on January 23, 1962. The defendants Newton are buying the real property in question from the daughter, and all parties have agreed that instead of foreclosing the lien, if it be good, to allow the

Newtons to make payments on their contract to the clerk of the district court, who will then turn over to the plaintiff all such funds received until the amount of the lien is discharged, and the remainder, if any, then to be turned over to the defendant Summers, the daughter of the Carters.

The daughter claims that the obligation to pay the lien is one created by the statutes of this State; hence the statute of limitations is three years. Section 78–12–26(4), U.C.A.1953. She thus contends that the lien cannot be enforced.

The plaintiff contends that the obligation was not one created by statute but is an obligation based upon an instrument in writing, and so the period of limitation is six years. Section 78–12–23, U.C.A.1953.

■ We agree with the plaintiff. The statute does not compel a party to repay. It simply refuses to make funds available to one who holds realty until the lien is executed. There is nothing compulsory at all. The owner could sell his land; and when his money was used up, if he otherwise qualified, he could get old age assistance. In this case the Carters preferred to execute the lien and thus qualify immediately for the assistance. They voluntarily entered into a written contract, and the six-year limitation prevails.

■ If the transaction be in doubt as to whether it be one under a written contract or one created by a statute of this State, generally the one giving the longest period of limitation is to be preferred. See 1 C.J.S. Actions § 46, at page 1102, where the following language is found:

> The action, in the case of doubt, should be construed to uphold it rather than to defeat it, as the court presumes the pleader's purpose is to serve his best interest.

> Accordingly the action should ordinarily be so construed as to sustain the complaint if the allegations are sufficient to state a good cause of action in contract, but not in tort, or vice versa; and so as to sustain the jurisdiction if the court would have jurisdiction of the action in one form but not in the other; *and so as to avoid the bar of the statute of limitations if the action would be barred in one form but not in the other.* (Emphasis added.)

■ While this section is discussing the question of pleading torts and contracts, it is equally applicable to this case even if the obligation were created by the statute, for the law does not look with favor upon the defeating of a just obligation if it can be properly avoided.

■ It is claimed that the Carters gave a deed to their daughter on October 10, 1955, and they may have done so. However, this deed was not recorded until after the death of Reuben Carter on August 20, 1957. There is no evidence that the plaintiff had any knowledge of this deed prior to the recording date, when it would have

had constructive notice thereof. It, therefore, had no duty to foreclose upon a secret transfer made of the land in question when it knew nothing about the transfer. By taking a secret deed and then sitting by and allowing the plaintiff to continue to advance funds to her parents, instead of foreclosing its lien, the daughter is in no position of honor and integrity now when she claims that the foreclosure proceedings should have been initiated at the time she received the deed. See Neff v. New York Life Insurance Company, 30 Cal.2d 165, 180 P.2d 900 (Calif.).

The defendant Summers also complains at the amount of the lien as found by the trial judge. Since the cancelled checks given to the recipients were not put in evidence, she claims the proof as to the amount of money advanced is not shown. We do not agree with this contention. Payments proved to have been made by a negotiable check are prima facie evidence of payment, and if the payee did not get the cash called for by the check, he ought to return those checks or explain why he cannot do so in order to be relieved from the presumption of payment.

The evidence amply supports the findings of the trial court, and the judgment is affirmed. Respondent is awarded costs against the appellant.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.