590 P.2d 335 (1979)
STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
Andrea SANTIAGO and Rick Garcia, Defendants and Appellants.
No. 16043.
Supreme Court of Utah.
January 19, 1979.
Del B. Rowe, Salt Lake City, for defendants and appellants.
*337 Robert B. Hansen, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.
*336 HALL, Justice:
Defendants appeal from a summary judgment in favor of plaintiff foreclosing a Public Assistance lien on real property.
Both parties moved for summary judgment on stipulated facts which are abstracted as follows: In the 1950's, Abraham and Francis Garcia, defendants' predecessors in interest, entered into an oral rental and option to purchase agreement with one Meyer, the then owner of the property in question. If and when the Garcias opted to purchase, all rents were to be applied toward the purchase price which was to be determined at the time the option to purchase was exercised. In 1960 the Garcias executed the subject lien on "all right, title and interest" they had in said real property. Thereafter, some $3,066 in welfare payments were made to them. Both Abraham Garcia and Meyer died in the 1960's and Francis Garcia continued to reside on the premises until 1976 when she sued to quiet title, naming Meyer, his estate and heirs, and "all other interested persons" as defendants. Plaintiff here was not joined as a party and was not personally served, although summons was published. Title was quieted in Francis Garcia by default, and thereafter, by deed dated January 29, 1976, recorded November 21, 1977, she conveyed the property in question to defendants. Plaintiff made demand upon Francis Garcia and the defendants on March 14, 1978, for said $3,066, and when it was not paid, brought this action to foreclose.
Also pursuant to stipulation, plaintiff released its lien so as to facilitate defendants' sale of the property in question. A sum equal to the amount of the lien was withheld from the proceeds of the sale and is being held in trust pending the final outcome of this case.
It is to be observed at this juncture: (1) that Francis Garcia has never been a party to this lawsuit; (2) that her quiet title action is not before us for review on its merits; and (3) that the parties hereto (in their stipulation of facts) did not disclose how or when she acquired an ownership interest (title) in the property in question sufficient to support her quiet title action and to warrant a decree quieting title in her.
Defendants assert that the trial judge erred in foreclosing the lien and contend (1) that the lien is invalid since it was executed prior to the vesting of title in Francis Garcia; (2) that foreclosure is barred either by the limitation statute, the quiet title action, laches or estoppel; and (3) that foreclosure is barred by failure to give notice to Francis Garcia that the lien was due and payable, that she is in any respect entitled to a statutory $1,000 lien exemption, and that defendants are entitled to an award of attorney fees by statute. None of these contentions have merit.
Plaintiff urges upon us that defendants' first contention should be disposed of by the application of the doctrine of after-acquired property.[1] In so urging, plaintiff adopts defendants' contention that the decree quieting title was the instrument that vested title in Francis Garcia. We are not convinced that a decree quieting title has any such effect and consequently we do not attempt to apply the doctrine of after-acquired title to these facts.
We are compelled to conclude that the decree quieting title did not constitute a vesting of title. Our conclusion is premised upon the fact that a quiet title action, as its name connotes, is one to quiet an existing title against an adverse or hostile claim of another and not one brought to establish title.[2] One seeking such equitable relief must allege title, entitlement to possession, and that the estate or interest claimed by others is adverse or hostile to the alleged *338 claims of title or interest.[3] Hence it is to be seen that the effect of a decree quieting title is not to vest title but rather is to perfect an existing title as against other claimants.
The facts adequately support the conclusion of the trial judge that plaintiff's lien attached the interest of Francis Garcia. Therefore, she, and the defendants claiming under her, are precluded from asserting the invalidity of the lien.
Defendants' contentions as to the applicability of the statute of limitations and laches are obviated by statutory provision appearing in U.C.A., 1953, 55-15-30(2) which reads in pertinent part as follows:
(2) Liens shall become due and payable, and the division shall seek collections of each lien now held or taken:
(a) When the property to which the lien attaches is transferred to a third party prior to the recipient's death, . . [Emphasis added.]
Defendants of course concede that the property in question was "transferred to a third party" (themselves) by warranty deed dated January 29, 1976, and recorded November 21, 1977, both dates being well within the six-year limitation statute which this Court has previously determined to be applicable in such cases.[4]
Defendants' contention that the lien was extinguished by the decree quieting title fails by reason of the fact that Francis Garcia had actual and constructive notice of plaintiff's interest by virtue of the recordation of the lien. Plaintiff's interest thus having been known, it was incumbent upon Francis Garcia to join plaintiff here in the quiet title action as a party defendant in order to challenge its interest.[5] Having failed to do so, it is of no consequence that summons was served by publication on "all other interested persons."[6]
It is also obvious that defendants cannot be regarded as bona fide purchasers for value without notice for they also had constructive notice of plaintiff's interest by virtue of the recordation of the lien.
Defendants concede that two of the remaining assignments of error (those that pertain to lack of notice that the lien was due and payable[7] and the lien exemption[8]) are advanced only on behalf of Francis Garcia. Consequently, since she is not a party to the foreclosure proceeding before us, we treat those matters no further.
Although not conceded by defendants, we conclude that the final assignment of error (that of failure to award an attorney fee) is also a statutory provision not available to these defendants, the same only being available to those involved in the probate of the estate of a deceased welfare recipient.[9]
Affirmed. No costs awarded.
ELLETT, C.J., MAUGHAN, CROCKETT and WILKINS, JJ., concur.
NOTES
[1] Recognized by statute, U.C.A., 1953, 57-1-10, and by case law, Dowse v. Kammerman, 122 Utah 85, 246 P.2d 881 (1952).
[2] U.C.A., 1953, 78-40-1, et seq.; see also, 65 Am.Jur.2d, Quieting Title, Section 1, and cases cited therein.
[3] Worley v. Peterson, 80 Utah 27, 12 P.2d 579 (1931), following Tate v. Rose, 35 Utah 229, 99 P. 1003 (1909).
[4] Juab County Department of Public Welfare v. Summers, 19 Utah 2d 49, 426 P.2d 1 (1967).
[5] Procedurally required by U.C.A., 1953, 78-40-13.
[6] Rule 4(f)(1), U.R.C.P. provides for service of process by publication on all unknown persons and certain known defendants but only under stringent circumstances not present in this case, such as: those residing outside the state, having departed from the state, concealing themselves to avoid personal service, etc.
[7] U.C.A., 1953, 55-15-30(3) provides in pertinent part as follows:

When a lien becomes due and payable, a certificate in a form approved by the division certifying as to the amount of assistance given the recipient and the amount of the lien shall be mailed to the recipient or recipients ... [Emphasis added.]
[8] U.C.A., 1953, 55-15-30(1)(b) provides in pertinent part as follows:

... At the time of the settlement of a lien given in accordance with paragraph (1)(a), there shall be allowed a cash exemption of $1,000, ... [Emphasis added.]
[9] See U.C.A., 1953, 55-15-30(1)(b) for pertinent statutory provisions governing such matters.