2005 UT App 537

**Joel SILL, Plaintiff and Appellant,**

v.

**Bill HART dba Hart Construction, Defendant and Appellee.**

**No. 20050245–CA.**

Court of Appeals of Utah.

Dec. 15, 2005.

Rehearing Denied Jan. 5, 2005.

---

Robert J. Dale, P. Bruce Badger, and Bradley L. Tilt, Fabian & Clendenin, Salt Lake City, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiff-counterclaim defendant Joel Sill appeals from a final judgment and award of prejudgment interest, attorney fees, and court costs in favor of Defendant-counterclaimant Bill Hart. We reverse and remand.

## BACKGROUND

¶ 2 Sill is the owner of real property located in Summit County, Utah (the Property). Hart, a general contractor, began construction on the Property in the summer of 1999 and continued until approximately December 2001, at which time Hart left the job over a dispute with Sill regarding the completion of the project. In January 2002, Sill brought an action against Hart, alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) negligent misrepresentation, (5) intentional misrepresentation, (6) unjust enrichment, and (7) defamation. Hart counterclaimed in February 2002, alleging breach of contract and unjust enrichment, and seeking to foreclose a mechanics' lien on the Property.

¶ 3 More than two and a half years later, in October 2004, Sill for the first time raised the issue of Hart's compliance with Utah Code section 38–1–11(4)(a). *See* Utah Code Ann. § 38–1–11(4)(a) (2001). The parties reserved the issue for post verdict determination, and the case went to trial one week later. The jury returned a verdict in favor of Hart in the amount of $314,500 on Hart's unjust enrichment and mechanics' lien claims. In addition, Hart was awarded prejudgment interest, attorney fees, and court costs on his mechanics' lien claim.

¶ 4 Hart thereafter sought to reduce the verdict to judgment. Sill opposed the effort insofar as it related to Hart's mechanics' lien claim. Sill argued that the trial court lacked

David B. Thompson, Miller, Vance & Thompson, PC, Park City, for Appellant.

jurisdiction to hear Hart's mechanics' lien claim because Hart, when he served his counterclaim on Sill, did not include the instructions nor the form affidavit and motion for summary judgment required by section 38–1–11(4)(a).[1] Hart disagreed, arguing that only plaintiffs filing a "complaint"—as opposed to those filing a counterclaim—are required to comply with section 38–1–11(4)(a). The trial court agreed with Hart and entered judgment in his favor on both the unjust enrichment and the mechanics' lien claims. The court also awarded Hart prejudgment interest, attorney fees, and court costs on his mechanics' lien claim. Sill timely appealed.

## ISSUES AND STANDARDS OF REVIEW

¶5 Under section 38–1–11(4)(a), a lien claimant filing an action to enforce a mechanics' lien on a residence must include certain documents relating to the Residence Lien Restriction and Lien Recovery Fund Act when he serves his complaint upon the owner of the residence. *See id.* Pursuant to section 38–1–11(4)(e), the lien claimant is "barred from maintaining or enforcing the lien" if he fails to provide such documents. *Id.* § 38–1–11(4)(e).

¶6 Hart concedes that he did not serve Sill with the documents referenced in section 38–1–11(4)(a), but argues that section 38–1–11(4)(a) does not apply to his claim because he filed a counterclaim as opposed to a "complaint" and because Sill has no rights under the Residence Lien Restriction and Lien Recovery Fund Act. Sill, on the other hand, argues not only that section 38–1–11(4)(a) is applicable, but also that the language of section 38–1–11(4)(e) makes subsection 4(a) a jurisdictional provision. Sill therefore contends that Hart's failure to comply with section 38–1–11(4)(a) deprived the trial court of jurisdiction to hear Hart's lien foreclosure action.

¶7 Questions of statutory interpretation are questions of law that are reviewed "for correctness, giving no deference to the district court's interpretation." *Board of Educ. v. Sandy City Corp.,* 2004 UT 37, ¶8, 94 P.3d 234. "The determination of whether a court has subject matter jurisdiction is a question of law, which we review for correctness, according no deference to the [trial] court's determination." *Beaver County v. Qwest, Inc.,* 2001 UT 81, ¶8, 31 P.3d 1147.

## ANALYSIS

¶8 Prior to addressing Sill's jurisdictional claim, we first determine whether section 38–1–11(4)(a) is even applicable in this case. The language at issue here states:

> If a lien claimant files an action to enforce a lien filed under [the Mechanics' Liens Act] involving a residence, as defined in [s]ection 38–11–102,[2] the lien claimant shall include with the service of the complaint on the owner of the residence:
>
> (i) instructions to the owner of the residence relating to the owner's rights under Title 38, Chapter 11, Residence Lien Restriction and Lien Recovery Fund Act; and
>
> (ii) a form affidavit and motion for summary judgment to enable the owner of the residence to specify the grounds upon which the owner may exercise available rights under Title 38, Chapter 11, Residence Lien Restriction and Lien Recovery Fund Act.

Utah Code Ann. § 38–1–11(4)(a)(i)–(ii). Hart argues the statute applies only if the lien claimant "files an action" and serves a "complaint" to foreclose a mechanics' lien, and only if the owner being sued has rights under the Residence Lien Restriction and Lien Recovery Fund Act. Hart therefore contends that he was not required to serve the documents referenced in section 38–1–11(4)(a) be-

---

1. In 2004, the legislature amended the statute to require service of only the instructions and form affidavit. *See* Utah Code Ann. § 38–1–11(4)(a) (Supp.2004). However, the statute relevant to these proceedings required service of instructions and a form affidavit and motion for summary judgment. *See id.* § 38–1–11(4)(a) (2001).

2. Under Utah Code section 38–11–102, a "residence" is defined as "an improvement to real property used or occupied, to be used or occupied as, or in conjunction with, a primary or secondary detached single-family dwelling or multifamily dwelling up to two units, including factory built housing." Utah Code Ann. § 38–11–102(20) (2001).

cause he filed a counterclaim, as opposed to an initial complaint, to foreclose a mechanics' lien and because Sill has no rights under the Residence Lien Restriction and Lien Recovery Fund Act.

¶ 9 We disagree with Hart's contention that section 38–1–11(4)(a) requires the service of a "complaint" and applies only if the owner being sued has rights under the Residence Lien Restriction and Lien Recovery Fund Act. "When faced with a question of statutory construction, we look first to the plain language of the statute," *Gillman v. Sprint Communications Co.*, 2004 UT App 143, ¶ 7, 91 P.3d 858 (quotations and citation omitted), *cert. denied*, 98 P.3d 1177 (Utah 2004), and we "will not infer substantive terms into the text that are not already there," *Associated Gen. Contractors v. Board of Oil, Gas & Mining*, 2001 UT 112, ¶ 30, 38 P.3d 291 (quotations and citation omitted). The statute here is triggered "[i]f a lien claimant files an action to enforce a lien filed under [the Mechanics' Liens Act] involving a residence, as defined in [s]ection 38–11–102." Utah Code Ann. § 38–1–11(4)(a). By the plain language of section 38–1–11(4)(a), the term "if," which triggers the statute, modifies only the language in the first clause of section 38–1–11(4)(a) and not the word "complaint," which appears in the second clause. *See id.* The application of section 38–1–11(4)(a), therefore, does not require the service specifically of a complaint, nor is the statute applicable only if the owner being sued has rights under the Residence Lien Restriction and Lien Recovery Fund Act.[3] Instead, the statute is triggered if a lien claimant files an action to enforce a lien filed under the Mechanics' Liens Act involving a residence as defined by section 38–11–102. *See id.*

¶ 10 Section 38–1–11(4)(a) was clearly triggered here. Pursuant to the Mechanics' Liens Act, Hart recorded a notice of lien with Summit County in January 2002, and neither party argues that such lien does not involve a residence as defined by section 38–11–102. *See id.* § 38–11–102(20) (2001). Further-

more, Hart filed an action to enforce the lien when he filed his counterclaim in February 2002. The fact that Sill had already filed a complaint against Hart—alleging seven causes of action, all of which sounded in common law and none of which were related to the Mechanics' Liens Act—does not affect Hart's role as "a lien claimant fil[ing] an action to enforce a lien filed under [the Mechanics' Liens Act] involving a residence, as defined in [s]ection 38–11–102." *Id.* § 38–1–11(4)(a). Hart therefore was required to serve upon Sill the instructions and form affidavit and motion for summary judgment referenced in section 38–1–11(4)(a).

¶ 11 Our interpretation of section 38–1–11(4)(a) is supported by Utah caselaw. When interpreting the plain language of a statute, we "assume that each term in the statute was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable." *Gillman*, 2004 UT App 143 at ¶ 7, 91 P.3d 858 (quotations and citation omitted). "It is axiomatic that a statute should be given a reasonable and sensible construction, and that the legislature did not intend an absurd or unreasonable result." *State ex rel. Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 313 (Utah 1988) (internal citation omitted).

¶ 12 Here, the statute at issue applies to a lien claimant filing "an action to enforce a lien filed under [the Mechanics' Liens Act]." Utah Code Ann. § 38–1–11(4)(a). Utah courts have interpreted similar language to include counterclaims. *See, e.g., American Rural Cellular, Inc. v. Systems Communication Corp.*, 939 P.2d 185, 193 (Utah Ct.App. 1997) ("[Defendant] brought a counterclaim to foreclose its mechanics' liens. This clearly qualifies as 'an[y] action brought to enforce any lien' under the mechanics' lien statute." (quoting Utah Code Ann. § 38–1–18 (Supp. 1996))); *First Gen. Servs. v. Perkins*, 918 P.2d 480, 486 (Utah Ct.App.1996) ("[T]he successful defense of counterclaims which would otherwise defeat the principal lien claim ... must necessarily be considered for the purpose of awarding attorney fees under [section

---

3. Furthermore, the responsibility of determining whether the owner being sued has rights under the Residence Lien Restriction and Lien Recov-

ery Fund Act does not belong to the lien claimant.

38–1–18 of] the mechanics' lien statute. Logically, a lien holder must defend against such claims in order to 'enforce' the lien." (quoting Utah Code Ann. § 38–1–18 (1994))).

¶ 13 Furthermore, although the statute specifically references "the service of the complaint," Utah Code. Ann. § 38–1–11(4)(a), the term "complaint" is frequently interpreted in Utah caselaw as including counterclaims, *see, e.g., State ex rel. Road Comm'n v. Parker*, 13 Utah 2d 65, 368 P.2d 585, 587 (1962) ("[N]either under our rules or elsewhere, can a counterclaimant cast himself in any other role than that of a plaintiff."), *overruled in part on other grounds, Colman v. State Land Bd.*, 795 P.2d 622 (Utah 1990); *Harman v. Yeager*, 103 Utah 208, 134 P.2d 695, 696 (1943) ("A counterclaim is viewed as an original action, instituted by the defendant against the plaintiff and is tested by the same tests and rules as a complaint."). Indeed, the character of a pleading "will be determined by the court by the facts set out in the pleading." *Harman*, 134 P.2d at 696; *see also For–Shor Co. v. Early*, 828 P.2d 1080, 1084 n. 5 (Utah Ct.App.1992) (treating an action to intervene and foreclose a lien as a complaint). Because a literal reading of the term "complaint" would be "unreasonably confus[ing]" and render the statute "inoperable," *Gillman*, 2004 UT App 143 at ¶ 7, 91 P.3d 858 (quotations and citation omitted), we hold that the term "complaint," as it is used in section 38–1–11(4)(a), includes counterclaims.

¶ 14 Sill argues that section 38–1–11(4)(a) is a jurisdictional provision, and therefore, Hart's failure to comply therewith deprived the trial court of jurisdiction to hear Hart's lien foreclosure action. We recently ruled that "failure to adhere to section 38–1–11(4)(a) [does] not divest the trial court of jurisdiction." *Pearson v. Lamb*, 2005 UT App 383,¶ 15, 121 P.3d 717.

¶ 15 Instead, Hart's failure to comply with section 38–1–11(4)(a) "constitut[es] an avoidance or affirmative defense" under rule 8(c) of the Utah Rules of Civil Procedure. Utah R. Civ. P. 8(c). Although rule 8(c) does not define or explain what constitutes an avoidance or an affirmative defense, "a rule 8(c) affirmative defense is a defense employed to defeat the plaintiff's claim by raising matters outside or extrinsic to the plaintiff's prima facie case." *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68,¶ 31, 56 P.3d 524; *see also Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1374 (Utah 1996) ("A rule 8(c) affirmative defense ... raises matter outside the plaintiff's prima facie case." (quotations and citation omitted)); *Creekview Apartments v. State Farm Ins. Co.*, 771 P.2d 693, 695 (Utah Ct.App.1989) (explaining that avoidance under rule 8(c) is "a defense independent of the allegations in the pleadings"). Here, Hart's failure to comply with the requirements of section 38–1–11(4)(a) constitutes an affirmative defense by Sill, in that it suggests that Hart's mechanics' lien claim is invalid for reasons outside and independent of the allegations in Hart's counterclaim.

¶ 16 Although it appears from the record that Sill did not raise the affirmative defense until one week prior to trial and never made a motion to amend his prior pleadings to include the affirmative defense, the trial court made no findings whatsoever regarding these matters, the effect thereof, or the effect of the parties' stipulation thereon. Further, it is unclear from the record whether Hart ever served Sill with the instructions and form affidavit and motion for summary judgment required by section 38–1–11(4)(a).

## CONCLUSION

¶ 17 For the foregoing reasons, we reverse the trial court's award of prejudgment interest, attorney fees, and court costs in favor of Hart, and remand for further proceedings regarding Sill's affirmative defense in accordance with this opinion. The parties are to bear their own attorney fees and court costs on appeal.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD and WILLIAM A. THORNE JR., Judges.